# RULES OF

# PRACTICE AND PROCEDURE

# OF THE

# UNITED STATES

# DISTRICT COURT

# FOR THE WESTERN DISTRICT

# OF NORTH CAROLINA



**Local Rules of Civil Procedure**
**&**
**Local Rules of Criminal Procedure**
———————————

**Revised and Effective January 1, 2012**

# TABLE OF CONTENTS
# LOCAL RULES OF PRACTICE AND PROCEDURE

I.  **Local Rules of Civil Procedure**

LCvR    3.1    Filing Fee, Bond, Security, Prohibited Sureties, Payment of Fees Electronically  and Refunds
LCvR    4.1    Service of Summons and Complaint
LCvR    4.2    Publication of Notice by the United States in Civil Forfeiture Actions
LCvR    5.2.1  Electronic Filing Authorized, Filing of Papers, Filing of Redacted Pleadings, and Presenting Judgments, Orders and Communications to Judges
LCvR    5.3    Service by Electronic Means
LCvR    6.1    Sealed Filings and Public Access
LCvR    7.1    Motions in Civil Cases, Brief Requirements, Exhibit Numbering, Page Limits and Proposed Orders
LCvR    16.1   Pretrial Conferences, Initial Attorney Conference, Joint Stipulation of Consent to Magistrate Judge Jurisdiction, Initial Pretrial Conference
LCvR    16.2   Mediation or Alternative Dispute Resolution ("ADR")
LCvR    16.3   Rules Applicable to Mediation or Alternative Dispute Resolution("ADR")
LCvR    26.1   Commencement of Discovery
LCvR    26.2   Discovery Material Not To Be Filed Unless Ordered or Needed
LCvR    45.1   Production of Subpoenaed Material By Certain Non-Parties, Custodians of Records
LCvR    47.1   Contact With Jurors Before Trial and During Voir Dire
LCvR    54.1   Taxation Of Costs Other Than Attorneys' Fees
LCvR    67.1   Registry Funds
LCvR    72.1   Authority of Magistrate Judges In Civil Matters, Standing Orders of Reference
LCvR    73.1   Trial By Consent Before A United States Magistrate Judge, Initial Assignment of Cases, Duty of Parties and Failure to File the Joint Stipulation
LCvR    77.1   Orders and Judgments Which the Clerk of Court May Grant
LCvR    79.1   Custody and Disposition of Evidence, Models,

| | | Exhibits and Depositions |
|---|---|---|
| LCvR | 83.1 | Attorney Admission and Eligibility, Establishment of an ECF Account Prior to Admission, Definition of Types of Admissions |
| LCvR | 83.2 | No Photographing, Televising, or Broadcasting of Court |

## II.  Local Rules of Criminal Procedure

| | | |
|---|---|---|
| LCrR | 5.2 | Electronic Filing of Papers, Filing of Redacted Pleadings and Presenting Judgments, Orders, and Other Communications to Judges. |
| LCrR | 5.3 | Service of Documents by Electronic Means |
| LCrR | 11.1 | Electronic Recording of Rule 11 Inquiry |
| LCrR | 17.2 | Subpoenas in Criminal Cases |
| LCrR | 17.3 | Applications for Writs in Criminal Cases |
| LCrR | 20.1 | Consolidation and Transfer of Cases |
| LCrR | 23.1 | Fair Trial and Free Press in Criminal Cases |
| LCrR | 32.3 | Disclosure of Presentence or Probation Records |
| LCrR | 32.4 | Assignment of Authority to Magistrate Judges in Criminal Forfeiture Cases and Publication of Notice in Forfeiture Cases |
| LCrR | 44.1 | Admission and Appointment of Counsel |
| LCrR | 47.1 | Motions Practice in Criminal Cases, Requirement of Briefs, Responses Required by the Government and Proposed Orders |
| LCrR | 55.1 | Sealed Records and Public Access |
| LCrR | 57.1 | Authority of Magistrate Judges in Criminal Matters |
| LCrR | 58.1 | Forfeiture of Collateral Security in Lieu of Appearance |
| LCrR | 58.2 | Procedures Applicable to Collateral Forfeitures, Petty Offenses, and Class A Misdemeanors |
| Appendix A | | Form for Certification and Report of Initial Attorneys' Conference |
| Appendix B | | Joint Stipulation of Magistrate Judge Consent Form |
| Appendix C | | Entities With a Direct Financial Interest in Litigation Form |

# *LOCAL RULES GOVERNING CIVIL CASES*

**LCvR 3.1**    **FILING FEE, BOND, SECURITY AND PROHIBITED SURETIES.**

**(A)** *Filing Fee and Cost Bond.*  In every civil action commenced in or removed to this Court, there shall be filed at the time of commencing or removal a filing fee in such amount as determined according to law.  In a civil case commenced in this Court, no bond, or cash deposit in lieu of such bond, as security for costs shall be required except on motion and for good cause shown.

Schedule of fees

**(B)** *Security.*  In both civil and criminal actions, bonds shall be allowed and taken with security, or one or more securities, as provided by the federal statutes, the Federal Rules of Civil Procedure, and the Federal Rules of Criminal Procedure.  The judges of this district may, for good cause, enter orders restricting any bonding company or surety company from being accepted as surety upon any bond in any case or matter in this district. Accepted Sureties

**(C)** *Prohibited Sureties.*  Counsel of record, administrative officers or employees of this Court, or the United States Marshal and his deputies or assistants, shall not act as surety in any suit, action, or proceeding pending in this Court, except by leave of Court.

**(D)** *Payment of Filing and Other Fees Electronically.*  Where the Federal Rules of Civil Procedure or the Local Rules of this Court require the payment

of filing, admission, special admission, or other fees, such may be accomplished through secure electronic means as may be established by the Clerk of Court.

**(E)** ***Fee Refunds.*** Fees paid to the Clerk of Court will only be refunded where the payment was made in error or upon Court Order.

**(1)** ***Refunds by the Clerk of Court for Erroneous Payments***. When fees are accepted by the Clerk of Court in error, such may be refunded in the discretion of the Clerk of Court. Examples of payments in error are duplicate payments, payments to the wrong district, overpayments, and payments made in error by attorneys through the Electronic Filing Payment System. To receive a refund from the Clerk of Court based on an erroneous payment, the payor must submit a written request to the Clerk of Court indicating the amount of payment, the case in which the payment was made, and the nature of the error. Once it has been determined through reconciliation that payment was made in error, the payment may be refunded at the discretion the Clerk of Court or his designee without a Court Order. Refunds of electronic payments will be credited electronically to the payor's credit card. No cash refunds will be made.

**(2)** ***Refunds by Court Order.*** Requests for refunds of payments which were not made in error by the payor will be referred to the presiding judge. Such refunds will only be made at the direction of the Court.

**(3)** ***Refunds Where Payee Has an Outstanding Balance.*** The Clerk of

Court will not refund payments made in error if it is determined that the payor owes any other debt to the Court.

**(F)** ***Clerk of Court's Responsibilities as to Payments and Refunds.***

**(1)** ***Electronic Payments.*** As to electronic payments, in conducting Electronic Case Filing training, the Clerk of Court will train attorneys on the Electronic Payment System, including Court regulations governing the Electronic Payment System.

**(2)** ***Conventional Payments***. As to conventional payments that are received through the mail or by the Clerk of Court, every effort will be made by the Clerk of Court to confirm that each payment is proper before it is deposited and a receipt is issued. If a conventional payment is deposited and receipted in error, it will be refunded to the payor by a United States Treasury check, which will issue at the discretion of the Clerk of Court as explained in Subsection (E) of this Local Rule.

## LCvR 4.1    SERVICE OF THE SUMMONS AND COMPLAINT.

Service of the summons and complaint by electronic means is not permitted for purposes of obtaining personal jurisdiction.    Administrative Procedures, Section II, A2(d) and A3(d)

## LCvR 4.2    PUBLICATION OF NOTICE BY THE UNITED STATES IN CIVIL FORFEITURE ACTIONS.

Unless otherwise required by statute, rule, or specific Order of this Court,

in any civil judicial forfeiture case filed in this district, the government may satisfy its requirement of publication of notice by publishing once in a newspaper of general circulation. Publication in such manner shall be deemed to satisfy the publication requirements of 21 U.S.C. § 853(n)(1) and Rules C(4) and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## LCvR 5.2.1 FILING OF PAPERS, PRESENTING JUDGMENTS, ORDERS, AND COMMUNICATIONS TO JUDGE.

**(A)** ***Electronic Filing Authorized.*** The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the Federal Rules of Civil Procedure, these Local Rules, and the "Administrative Procedures Governing Filing and Service by Electronic Means" (hereinafter "Administrative Procedures") adopted by this Court. Administrative Procedures

**(B)** ***Mandatory Electronic Filing.*** All documents submitted for filing in this district shall be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or by the assigned judge. Administrative Procedures

**(C)** ***Filing of Papers***. All pleadings, motions, memoranda, orders, and judgments shall be filed electronically with the Court. In circumstances where conventional filing is permitted by the Administrative Procedures, all papers of

every sort may be filed in Asheville, Charlotte, or Statesville, regardless of the division in which the case may be pending as may suit the convenience of counsel.

**(D)** ***Motion for Consolidation of Cases.*** A motion for consolidation shall be filed in only one of the related cases with a notice of the motion being filed in the proposed member case(s). Absent an Order to the contrary, after consolidation, all further proceedings will be docketed and filed in the designated lead case only.

**(E)** ***Presenting Judgments, Orders, and Other Communications to Judges***. As provided by the Administrative Procedures, parties may submit proposed orders, memoranda of decision, judgments, bills of costs, and other proposed documents for consideration and entry by the Court or the Clerk of Court electronically. Such proposed documents must be submitted through cyberclerk and may also be submitted as attachments to a motion, brief, or notice that relates to the proposed relief sought. In any event, such proposed documents must be served on all parties.

## LCvR 5.3    SERVICE BY ELECTRONIC MEANS.

**(A)** ***Service By Electronic Means for Registered Users After Service of Process.*** Other than the document upon which an action is commenced, registered users may serve all papers through the Court's Electronic Case Filing

("ECF") system. Issuance of the "Notice of Electronic Filing" ("NEF"), which is automatically generated by the Court's electronic filing system, constitutes proof of service of the filed document upon all registered users unless the filing party learns that such attempted service was not successful. Administrative Procedures, Section II, B2 While the NEF constitutes proof of service, it is not a substitute for the Certificate of Service, which is still required as discussed below.

**(B)** ***Conventional Service of and by Parties and Attorneys Exempt from Electronic Case Filing.*** Parties and attorneys who are not registered users must be served conventionally in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this district's Administrative Procedures. Administrative Procedures, Section II, B4

**(C)** ***Certificate of Service Required.*** A certificate of service must be included with all documents, including those filed electronically, indicating thereon that service was or will be accomplished through the Notice of Electronic Filing for parties and counsel who are registered users and indicating how service was or will be accomplished as to non-registered users. Administrative Procedures

## LCvR 6.1    SEALED FILINGS AND PUBLIC ACCESS.

**(A)** ***Scope of Rule***. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized

in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)** ***Filing Under Seal.*** No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)** ***Motion to Seal or Otherwise Restrict Public Access***. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

**(1)** a non-confidential description of the material sought to be sealed;

**(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;

**(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and

**(4)** supporting statutes, case law or other authority.

**(D)** ***Filing of an Unredacted Copy Allowed.*** If necessary, information deemed confidential by a party may be redacted from the filed motion or brief and an unredacted version submitted under seal for *in camera* review. Materials

deemed confidential may be submitted under seal for *in camera* review via cyberclerk.

**(E)** ***Public Notice.*** No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

**(F)** ***Orders Sealing Documents.*** Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

**(G)** ***Filings Subsequent to Entry of an Order Sealing Documents.*** After an Order permitting the filing under seal has been entered, any materials filed pursuant to that Order shall be filed electronically with a non-confidential description of the materials filed. Administrative Procedures

**(H)** ***Motions to Unseal.*** Nothing in this Local Rule shall limit the right of a party, intervenor, or non-party to file a motion to unseal material at any time. Such a motion to unseal shall include a statement of reasons why the material should be unsealed and any change in circumstances that would warrant

unsealing.

**(1)** ***Case Closing.*** Unless otherwise ordered by a Court, any case file or documents under Court seal that have not previously been unsealed by the Court shall be unsealed at the time of final disposition of the case.

**(2)** ***Access to Sealed Documents.*** Unless otherwise ordered by the Court, access to documents and cases under Court seal shall be provided by the Clerk of Court only pursuant to Court Order. Unless otherwise ordered by the Court, the Clerk of Court shall make no copies of sealed cases files or documents.

**(I)** ***Impact on Designation of Confidential Materials.*** Nothing in this Local Rule shall limit the ability of parties, by agreement, to restrict access to discovery or other materials not filed with the Court or to submit motions pursuant to Fed. R. Civ. P. for a Protective Order governing such materials.

## LCvR 7.1 MOTIONS IN CIVIL ACTIONS.

**(A)** ***Motions in Writing***. Unless made during a hearing or trial, all motions must be put in writing and filed as provided by LCvR 5.2(C) and shall state with particularity the grounds of the motions and shall set forth the relief or Order sought. Motions will ordinarily be ruled upon without oral argument, unless otherwise ordered by the Court.

**(B)** ***Requirement of Consultation***.  Any motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved.  The requirement of consultation also applies to motions for extension of time and to motions for continuance of a trial or other proceeding.  Consultation is not required where the moving party is represented and the non-moving party is unrepresented, or where the motion is for an extension of time to file a responsive pleading to a complaint, counterclaim, crossclaim, or any other initial petition for relief.

**(C)** ***Requirement of Briefs.***  Briefs shall be filed contemporaneously with the motion, except no brief is required in support of timely motions for extension of time, continuances,  admission *pro hac vice,* or early discovery. Exhibits in support of a brief shall be attached as appendices as specified in the [Administrative Procedures](Administrative Procedures).  Factual contentions shall be supported as specifically as possible by citation to exhibit number and page.

**(1)** ***Motions Contained in Initial Responsive Pleadings***.  Motions to dismiss contained in answers to complaints, replies to counterclaims, or answers to crossclaims are considered by the Court to be preserved.  A party wishing to have decided any preserved motion shall file a separate motion and supporting brief.

**(2)** *Motions Not to Be Included in Responsive Briefs.* Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading.

**(3)** *Exhibits Shall be Numbered and Filed as a Separate Attachment.* All exhibits as well as all pages within an exhibit shall be numbered prior to filing. Exhibits previously filed shall not be re-filed by any party and may be incorporated into any other pleading by specific reference to the docket entry, exhibit number, and page. Each exhibit shall be filed as a separate attachment to the pleading it supports. [HYPERLINK to Admin. Order, Page 14, Part 4(a)]

**(D)** *Page Limits, Fonts, and Spacing.* Page limits, font sizes, spacing, and other formatting requirements are governed by the Standing Civil Order of the judge to whom the case is assigned. Standing Civil Orders Absent such requirements in the Standing Civil Order of the judge to whom the case is assigned, the page limit for any brief is 25 pages, the font size is a minimum of 12 point, lines are double spaced, margins are one inch, and each page is numbered.

**(E)** *Time Frames for the Filing of Responses to Motions and for Replies*.

Responses to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion. A reply to the response to a motion, if any, shall be

filed within seven (7) days of the date on which the response is served, as evidenced by the certificate of service attached to said response. The filing of a reply brief is not mandatory. In any event, a reply brief should be limited to a discussion of matters newly raised in the response. If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice.

In an action seeking judicial review of a final administrative decision, the court may enter a Scheduling Order providing for the filing of cross motions for summary judgment or other relief with no responsive or reply briefs allowed. Where such a Scheduling Order is entered, the briefing requirements of Local Civil Rule 7.1(E) are preempted by the requirements of the Scheduling Order. Examples of such actions include, but are not limited to, Social Security disability and Supplemental Security Insurance benefit actions and ERISA claims.

**(F)** *Seeking a Continuance.* Any motion seeking continuance of a hearing or trial shall be filed immediately upon counsel learning of the need for same.

**(G)** *Proposed Orders.* Proposed orders must be submitted through cyberclerk and may also be submitted as attachments to a motion, brief, or notice that relates to the proposed relief sought. In any event, such proposed document must be served on all parties.

**(H)** ***Electronic Format for Briefs, Motions, and Pleadings.*** Briefs, motions, and pleadings shall be filed in a PDF readable format, rather than an electronically copied format, whenever possible. Filing pleadings and briefs in a PDF readable format allows the court and the parties to fully utilize electronic filings.

**(I)** ***Notice to Official Court Reporter for Certain Proceedings.*** Where a party knows in advance that a transcript will be required of a hearing before a United States Magistrate Judge or other judicial officer (before whom proceedings are digitally recorded), the party shall endeavor to notify the Official Court Reporter serving such judicial officer of the need <u>in advance of the hearing</u>.

## LCvR 16.1 PRETRIAL CONFERENCES

**(A)** ***Initial Attorney's Conference.*** As soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction. See [LCvR 73.1(C)](#). Where the parties believe that the filing of an amended complaint or other amended initial pleading justifies changes to the Scheduling Order, the parties shall conduct a supplemental attorney's

conference and file an appropriate motion with the court.

**(B)** ***Deadline for Filing the Certification of Initial Attorney's Conference.***
Within **seven (7) days** of the IAC, the parties shall complete and file the
Certification of Initial Attorney's Conference ("CIAC"), which shall include a
proposed discovery plan. The CIAC shall serve as a guideline for the Court in
issuing a Scheduling Order as provided by Fed. R. Civ. P. 16(b). If the parties
choose to stipulate out of, or object to, the mandatory initial disclosure
procedure required by Fed. R. Civ. P. 26(a)(1), they must so indicate in the
discovery plan.

**(C)** ***Filing Of Joint Stipulation Of Consent To Magistrate Jurisdiction.***
Where all parties agree to magistrate judge jurisdiction, the Joint Stipulation of
Consent to Exercise of Jurisdiction by a United States Magistrate Judge shall be
filed simultaneously with either the CIAC as provided in Local Civil Rule
73.1(C), or within **seven (7) days** of the Court's ruling on a motion to stay.

**(D)** ***Joinder of the Issues.*** For the limited purpose of these Local Civil Rules,
"joinder of the issues" occurs when the final answer to a complaint, third-party
complaint, or crossclaim or the final reply to counterclaim has been filed, or the
time for doing so has expired. Rule 12 motions contained in an Answer, but not
supported by a brief, act as placeholders and do not prevent joinder of the issues.
Where Rule 12 motions are filed and briefed, issues will not join until such

motions are resolved by the court, unless otherwise ordered by the Court.

**(E)** *Joinder of the Issues and Outstanding Discovery in Removed or Transferred Cases.*

*(1)* *Procedure Where Issues Already Joined.* In a removed or transferred case in which issues joined prior to removal or transfer, the parties shall conduct an Initial Attorneys' Conference ("IAC") in this district and file the Certificate of Initial Attorneys' Conference ("CIAC") within the time provided by Subsection (A), <u>supra</u>. The time for doing so shall be measured from the date the removed or transferred action is filed in this district.

*(2)* *Procedure Where Issues Not Previously Joined.* Where issues did not join prior to removal or transfer, the provisions of Subsection (D), <u>supra</u>, apply. Outstanding discovery requests and any previously entered Scheduling Orders are null and void, with discovery not commencing or recommencing until such time as a new Scheduling Order is entered. The admissibility and use of evidentiary material produced prior to transfer or removal is not, however, diminished by this provision.

**(F)** *Early Discovery.* While the parties may engage in consensual discovery at any time, Court enforceable discovery does not commence until issues have joined <u>and</u> a Scheduling Order is entered. If a party believes that early court sanctioned discovery is warranted, such party may file a motion for leave to take

early discovery therein showing good cause. No supporting memorandum of law is required for such a motion.

**(G)** *Initial Pretrial Conference ("IPC").* An Initial Pretrial Conference ("IPC") may be requested by the parties in the proposed discovery plan. Unless otherwise directed by a district judge, magistrate judges will preside over the IPC in all cases. Counsel for all parties must appear in person. Permission to appear by telephone will be determined by the judicial officer conducting the conference. Not later than 14 days after receipt of the proposed discovery plan, the court will set the date for the IPC unless the judicial officer conducting the conference deems otherwise appropriate.

Unless otherwise directed by a district judge, magistrate judges will issue the Scheduling Order in all cases and manage the pretrial activity of the case through direct involvement in the establishment, supervision and enforcement of the Scheduling Order and other applicable rules of procedure. Court-sanctioned discovery does not commence until issuance of the Scheduling Order.

Matters which may be considered during the IPC may include, but are not limited to the following: consent to magistrate judge jurisdiction; discovery guidelines and deadlines; Rule 26 disclosures; responses to interrogatories and requests for admission; maintenance of discovery material; video depositions;

protective orders; motions deadlines; motions hearings; response to motions; trial subpoenas; counsel's duties prior to trial; trial date; proposed jury instructions; exhibits; mediation; and production of electronically stored information ("ESI").

## LCvR 16.2    MEDIATION   OR ALTERNATIVE DISPUTE RESOLUTION ("ADR").

**(A)**   *Mandatory Mediated Settlement Conference*.  All parties to civil actions are required to attend a Mediated Settlement Conference, unless otherwise ordered by the Court.  A mediated settlement conference is a pretrial, Court-ordered (by Local Rule) conference of the parties to a civil action and their representatives conducted by a mediator. The procedure for the conference shall be as provided in LCvR 16.3.  A non-exclusive list of Court-approved mediators is maintained by the Court.

**(B)**   *Cases Not Suitable For ADR*.  These rules for mandatory ADR shall not apply to *habeas corpus* proceedings or other actions for extraordinary writs, appeals from rulings of administrative agencies, forfeitures of seized property, and bankruptcy appeals.  The judicial officer may determine, either *sua sponte* or on application of any party, that any other case is not suitable for ADR, in which case no ADR procedure will be ordered.

## LCvR 16.3    RULES   APPLICABLE   TO MEDIATION OR ALTERNATIVE DISPUTE RESOLUTION (ADR).

**(A)  *Time for Proceeding*.**  The Court favors the use of alternative dispute resolution (ADR), ordinarily in the form of a mediated settlement conference, for the efficient and orderly resolution of civil cases.  Accordingly, in the CIAC, the parties shall indicate their opinion(s) regarding the usefulness of ADR, the preferred method of ADR, and the most advantageous time at which to commence ADR.  If the parties fail to submit, or are unable to agree on, a proposed method of ADR, a mediated settlement conference shall be selected as the default.  The presiding magistrate judge or other judicial officer will in the Scheduling Order, or an Order for Alternative Dispute Resolution issued shortly thereafter, select the ADR method and order it to commence on a schedule after due consideration of the applicable responses given by counsel in the CIAC.

**(B)  *Rules for Proceeding*.**  Upon entry of an Order for Alternative Dispute Resolution, the case shall proceed as follows:

**(1)  *Rules Governing Mediation.***  If a mediated settlement conference is ordered, the conduct of the ADR proceeding shall be governed by the *Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions* promulgated by the North Carolina Supreme Court pursuant to N. C. Gen. Stat. §7A-38 (the "Mediation Rules"), and by the supplemental rules set forth herein.

**(a)  *Interpretation of State Court Terms.***  Wherever the

Mediation Rules refer to "Senior Resident Superior Court Judge" and "Administrative Office of the Court," it shall mean "judicial officer" and "Clerk of Court" of the United States District Court, respectively.

(b)     ***Appropriate Facilities.***  Rule 3(a) of the Mediation Rules is modified to permit the mediated settlement conference to be held in an appropriate facility anywhere as may be agreed to by the parties or allowed by the Court.

(2)     ***Rules Governing Alternative ADR Proceeding.***  If an Alternative ADR Procedure is ordered, the ADR proceeding shall be governed by these Rules and by such other procedural rules submitted by the parties and approved by the judicial officer.  The rules submitted by the parties shall include, in addition to rules regarding the actual proceeding, provisions setting a deadline for completion of the proceeding; the location for the proceeding; pre-proceeding submissions; and the method for selection and compensation of a mediator, evaluator or other "neutral" to preside over the proceeding.

(3)     ***Impact on Federal Law.***  Nothing in this alternative dispute resolution program shall be deemed to override the Federal Arbitration Act or any other provision of the United States Code.

(4)     ***Exceptions to Rules.***  The judicial officer may, either *sua sponte* or on motion of any party, permit exceptions or deviations from these rules.

**(C)** *Supplemental Rules for Mediated Settlement Conferences*. In addition to the Mediation Rules, the following rules shall also apply to mediated settlement conferences in the Western District:

**(1)** *No Record Made.* There shall be no record made of any proceedings under these rules.

**(2)** *Telephonic Attendance.* All mediated settlement conferences shall be conducted in person, unless leave is otherwise granted by the mediator.

**(3)** *Mediator's Report of Outcome*. The mediator's report required by the Mediation Rules shall be issued within seven (7) days of the conclusion of the Mediated Settlement Conference. The mediator may submit his or her report on a report form provided by the Clerk of Court, or by using his or her own letterhead or individually developed mediation report form. Such report may be filed by the mediator electronically or by conventional means unless otherwise directed by the court.

**(D)** *Judicial Settlement Conference*.

**(1)** *Mandatory Consideration.* The judicial officer to whom a case is assigned may, at any time, order the parties to participate in a settlement conference to be convened by the Court. Any party may also request a judicial settlement conference.

**(2)** *Mandatory Attendance by Representatives with Full Authority to*

***Effect Settlement***.  A person with full authority to settle all pending claims must be present at the settlement conference and, for purposes of this rule, the "person with full authority to settle" shall not be the attorney.  Such rule is not applicable to government attorneys and federal agency parties.  Government attorneys are required to bring as much binding authority to settle as is feasible under the circumstances.

(3)     ***Presiding Judicial Officer.***  Any judicial officer of the district other than the judicial officer to whom the case is assigned for disposition may preside over a judicial settlement conference convened by the Court.

## LCvR  26.1     COMMENCEMENT OF DISCOVERY.

Official Court-ordered and enforceable discovery does not commence until issuance of the Scheduling Order.  While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).

## LCvR  26.2     DISCOVERY MATERIAL NOT TO BE FILED UNLESS ORDERED OR NEEDED.

The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such

materials are filed in support of, or in opposition to, a motion or petition.

Materials filed in support of, or in opposition to, a motion or petition shall be appropriately labeled as an "Appendix" or "Attachment" thereto and shall be limited to those portions of the material directly necessary to support the motion or petition. All such papers must be served on other counsel or parties entitled to service of papers filed with the Clerk of Court as provided in the Administrative Procedures. The party taking a deposition or obtaining any material through discovery is responsible for its preservation and delivery to the Court if needed or so ordered.

## LCvR 45.1. PRODUCTION OF SUBPOENAED MATERIAL BY CERTAIN NON-PARTIES.

**(A)** *Custodians of Public Records.* Where a subpoena commands any custodian of public records to appear for the sole purpose of producing certain records in their custody, the custodian subpoenaed may, in lieu of a personal appearance, tender to the Court, by registered mail or personal delivery, certified copies of the records requested, on or before the date and time specified in the subpoena, together with a copy of the subpoena and an affidavit by the custodian as to the authentication of the record tendered or, if no such records are in their custody, an affidavit to that effect.

**(B)** *Custodians of Medical Records.* Where a subpoena commands the custodian of medical records to appear for the sole purpose of producing certain

records in their custody, the custodian subpoenaed may, in lieu of a personal appearance, tender to the Clerk of Court, by certified mail or by personal delivery, certified copies of the records requested, on or before the time specified in the subpoena, together with a copy of the subpoena and an affidavit by the custodian testifying to the identity and authenticity of the records, that they are true and correct copies, and as appropriate, that the records were made and kept in the regular course of business at or near the time of the acts, conditions, or events recorded, and that they were made by persons having knowledge of the information set forth; or if no such records are in their custody, an affidavit to that effect. When the copies of medical records are personally delivered, a receipt shall be obtained from the person receiving the records.

**(C)**   *Admissibility and Format.*  Any original or certified copy of any public or medical records, or affidavit, delivered according to the provisions of this rule shall not be held inadmissible in any action or proceeding on the grounds that it lacks certification, identification, or authentication, and it shall be received as evidence if otherwise admissible. Any data that is maintained in electronic format should, if readily retrievable, be submitted in electronic format, preferably on a compact disc. Certification of copies of such electronically provided records may be accomplished by appropriate affidavit in the same

manner as described in the preceding paragraphs.

**(D)** ***Protection of Privacy.*** The copies of public or medical records so tendered shall not be open to inspection or copying by any persons, except the parties and their attorneys, unless and until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communications under law to be disclosed.

Unless the underlying subpoena for medical records <u>is accompanied by a written consent of the patient</u>, the materials submitted to the Court in response thereto shall not be disclosed to anyone, including the parties and their attorneys, except upon judicial finding that disclosure is necessary to the proper administration of justice.

**(E)** ***Duties of the Clerk of Court.*** The Clerk of Court will sign or mark as "Received" a receipt if such is tendered by the subpoenaed party. The Clerk of Court has no duty to generate a receipt or mail a receipt back to the responding party unless a receipt and self addressed stamped envelope is provided. The Clerk of Court will not file, scan, or otherwise make the proffer part of the official record unless instructed to do so by a judge of the Court. Upon presentation to the Court, the Clerk of Court shall stamp the first page or cover sheet of any such material as "Received", and place such materials in an official

Court envelope or other container indicating that the materials are sealed.  The Clerk of Court shall bring such filing to the Court's attention at an appropriate time in the proceedings.

Unless such materials are made part of the record, they shall be destroyed by the Clerk of Court within a reasonable time after the case is closed and appeals are exhausted.  Originals may be returned to the custodian if arrangements are made with the Clerk of Court at the time of tender.

## LCvR 47.1    CONTACT WITH JURORS BEFORE TRIAL AND DURING VOIR DIRE.

**(A)    *Juror Information*.**

(1)    *Disclosure to Case Participants.*  When jurors for a term of Court are drawn, counsel of record shall be allowed to have a copy of the list of potential jurors.  (The list of potential jurors shall not include the street address of any juror).  If questionnaires are used, the responses to such questionnaires will also be made available to counsel.  Depending on the needs of the case, such disclosure shall be made at a time deemed appropriate by the Court.  *Pro se* parties may apply to the Court for similar pretrial access.

(2)    *Disclosure of Names of Jurors*. Names of prospective and sitting petit jurors shall not be disclosed to members of the Bar, media, or public outside open court, except upon Order of the Court. A request for disclosure shall be made to the presiding judge.

**(B)**    *Pretrial Contact With Potential Jurors Prohibited.*  No attorney or party to an action, or persons acting on their behalf, shall contact any potential juror, either directly or through any member of his or her  immediate family, in an effort to secure information concerning his or her background.

**(C)**    *Voir Dire.*  Ordinarily, in the interest of time, the Court will conduct the examination of prospective jurors, but may permit counsel to do so.  If the Court conducts the examination, counsel or *pro se* parties may suggest additional questions.

**(D)**    *Contact With Jurors During or After Trial.*  No attorney or party to an action, or persons acting on their behalf, shall personally or through their designees, directly or indirectly, interview, examine or question or communicate in any way with any juror, relative, friend, or associate thereof during the pendency of the trial, or with respect to the deliberations or verdict of the jury in any action, except on leave of the presiding judge upon good cause shown. Incidental contacts with jurors during the course of a trial, such as the exchange of pleasantries, are likely due to close confines of the courthouse and do not violate this rule.  Contacts of substance, however, should be promptly reported by the attorney or *pro se* party to the presiding judge outside the hearing of the jury.

**LCvR  54.1        TAXATION OF COSTS OTHER THAN ATTORNEYS' FEES.**

**(A)** *Filing Bill of Costs.*  A prevailing party may request the Clerk of Court to tax allowable costs, other than attorneys' fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs on a form available from the Clerk of Court, within thirty (30) days after:

    **(1)**    the expiration of time allowed for appeal of a final judgment or decree; or

    **(2)**    receipt by the Clerk of Court of the mandate or other Order terminating the action on appeal.

**(B)** *Electronic Filing of the Bill of Costs.*  The original of the bill of costs shall be filed electronically with the Clerk of Court, with copies served on adverse parties via NEF or mail as set forth in these Local Rules and by the Administrative Procedures.

**(C)** *Failure to File.*  The failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs.

**(D)** *Objections to Bill of Costs.*  If an adverse party objects to the bill of costs or any item claimed by a prevailing party, that party may file an objection to the bill of costs with supporting brief within **fourteen (14) days** after the electronic filing of the bill of costs.  Within **seven (7) days** thereafter, the prevailing party may electronically file a response with brief to any filed objections.  Unless a hearing is ordered by the Clerk of Court, a ruling will be made by the Clerk of

Court on the record.

**(E)**   ***Objections to the Ruling of the Clerk of Court.***   A party may request review of the Clerk of Court's ruling by electronically filing a motion within **seven (7) days** after the action of the Clerk of Court.  The Court's review of the Clerk of Court's action will be made on the existing record unless otherwise ordered.

**(F)**   ***Taxable Costs.***  Items normally taxed include, without limitation:

**(1)**   those items specifically listed on the bill of costs form.  The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition;

**(2)**   premiums on required bonds;

**(3)**   actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district;

**(4)**   one copy of the trial transcript for each party represented by separate counsel;

**(5)**   costs associated with private process servers;

**(6)**   fees for service of summons, subpoena, and notices by private firms; and

**(7)** costs of the original videotape of a deposition and the appearance fee of a videographer in lieu of the costs of a transcript of the deposition.

**(G)** *Non-Taxable Costs.* Items normally not taxed include, without limitation:

**(1)** multiple copies of depositions;

**(2)** daily copy of trial transcripts, unless prior Court approval has been obtained;

**(3)** copies of documents filed electronically; and

**(4)** attorney fees and attorney travel expenses;

**(5)** costs of shipping/mailing transcripts;

**(6)** costs for computer aided legal research including paralegal charges and computerized indices or optical discs produced for the benefit of counsel;

**(7)** costs associated with mediation;

**(8)** copy costs for any documents filed or served in electronic format;

**(9)** *pro hac vice* fees;

**(10)** costs for extraction and/or electronic configuration of data (emails) for the convenience of counsel absent any agreement among the parties pertaining to these costs; and

**(11)** costs associated with condensing a transcript, putting transcripts on a diskette or providing E-transcripts in addition to counsel receiving the original transcript.

**(H)** *Costs in Settlements.* The Court will not tax costs in any action terminated by compromise or settlement. Settlement agreements must resolve any issue relating to costs. In the absence of specific agreement, each party will bear its own costs.

**(I)** *Payment of Costs.* Costs are not to be paid to the Clerk of Court, but are to be paid directly to the party entitled to reimbursement.

## LCvR 67.1. REGISTRY FUNDS.

**(A)** *Deposit with the Treasury.* All registry funds less than $5,000.00 shall be placed in the Treasury of the United States where they earn no interest unless otherwise specifically ordered by the Court.

**(B)** *Investment In Income-Earning Account.* The Clerk of Court shall invest all registry funds in the amount of $5,000.00 or more in an income-earning account which will be the *Court Registry Investment System.*

**(1)** *Proposed Order.* A person requesting disbursement must submit a proposed Order in accordance with LCvR 5.2(G) to disburse any registry funds, which must contain the following information:

**(a)** the amount to be disbursed;

**(b)** the name, address, and tax identification number of the designated beneficiary or beneficiaries; and

**(c)** such other information that may be deemed appropriate under the facts and circumstances of the particular case.

**(2)** *Service Fee.* A service fee shall be charged by the Clerk of Court for the investment of registry funds.

**(C)** *Interest on Registry Funds - "Settlement Funds."* Funds invested with the Court for the purpose of settlement are subject to additional rules under 26 U.S.C. § 468B. To comply with the requirements found in Section 468B, the proposed Order required above must also contain the following information:

**(1)** that the deposit is identified as a "settlement fund";

**(2)** that liability is resolved by the settlement agreement as described in 26 U.S.C. §468B or 26 C.F.R. §1.468B-1(c); and

**(3)** designation of a person outside the Court as the administrator responsible for obtaining the employer identification number for the fund, filing all fiduciary tax returns, and paying any tax.

## LCvR 72.1    AUTHORITY OF MAGISTRATE JUDGES IN CIVIL MATTERS.

**(A)** *Magistrate Judges are Authorized and Designated to Exercise the Following Functions and Duties Regarding Civil Actions in the Western District:*

**(1)** to perform the duties prescribed in 28 U.S.C. § 636(a);

**(2)** to hear and decide non-dispositive procedural or discovery motions

and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A);

(3)    to hear any dispositive motions involving cases in which the parties have not consented to jurisdiction of the magistrate judge, and thereafter to submit to the district court proposed findings of fact and recommendations for disposition of such motions, as provided by 28 U.S.C. § 636(b)(1)(B);

(4)    to make a final determination upon any dispositive motion in a case wherein the  parties have consented to the jurisdiction of the magistrate judge, subject to right of appeal to the United States Court of Appeals for the Fourth Circuit;

(5)    to serve as a  special master in appropriate civil cases in accordance with 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53;

(6)    upon the consent of all parties, to conduct jury *voir dire* in civil cases when designated by the district court to do so on a case-by-case basis;

(7)    to accept petit jury verdicts in civil cases in the absence of a district judge;

(8)    upon the consent of all parties, to conduct the trial and order entry of judgment, as authorized by 28 U.S.C. § 636(c);

(9)    to issue orders or warrants authorizing acts necessary in the performance of the duties of administrative and regulatory agencies and departments of the United States government pursuant to 28 U.S.C. § 636(b)(3);

**(10)**  to conduct proceedings of the Court under the Federal Debt Collection Procedures Act, consistent with the Constitution and the laws of the United States as authorized by 28 U.S.C. § 3008; and

**(11)**  to perform any additional duties that are not inconsistent with the Constitution or the laws of the United States, as shall be assigned or delegated by the district court.

**(B)**  ***Standing Orders of Reference*.**  In addition to the above paragraph, a district judge may enter a Standing Order of Reference concerning the extent to which such judge's matters are referred to magistrate judges.

**(C)**  ***Objections and Responses to a Memorandum and Recommendation.***  Any objections to a Memorandum and Recommendation issued by a magistrate judge or responses to objections shall be filed within the time frames provided in 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). An additional three (3) days shall be added to the prescribed periods for the filing of said objections or responses pursuant to Fed. R. Civ. P. 6(d).

## LCvR 73.1     TRIAL BY CONSENT BEFORE A UNITED STATES MAGISTRATE JUDGE.

**(A)**  ***Initial Assignment of Cases.***  All cases shall be initially assigned to a district judge.

**(B)**  ***Duties of the Proponent of the Litigation.***  The plaintiff or the removing

party in a removal action shall serve the Case Assignment Notice, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge form on all parties with the complaint or notice of removal.

**(C)** ***Duty of All Parties.*** The parties or their counsel may consent to magistrate judge jurisdiction at any time. The parties or their counsel are **REQUIRED** to discuss the issue of consent to the jurisdiction of a magistrate judge as part of their Initial Attorney's Conference (Fed. R. Civ. P. 26(f) Conference) and certify such within the Certificate Of Initial Attorney's Conference ("CIAC"). If all parties consent, the executed Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge form shall be filed electronically. The completed form shall be returned as part of and by the deadline established for filing the completed CIAC. See LCvR 16.1(A).

**(D)** ***Failure to File the Joint Stipulation.*** Where the Joint Stipulation is not filed within the time provided, such failure shall be presumed to be a declination of consent and the parties need take no further action.

**(E)** ***Consents After the Deadline.*** Where the parties wish to consent after such deadline, the presumption of declination may be overcome by the filing of the Joint Stipulation and approval of the reassignment by the district judge to whom the case was assigned.

**(F)** ***Addition of Parties.*** When the initial parties to an action consent and additional parties are joined during the course of litigation, the plaintiff or removing party shall provide such parties with the documents specified in paragraph (B) above. The new party is to inform the Clerk of Court of his or her decision to consent or not to consent to the exercise of jurisdiction by a magistrate judge with the first responsive pleading. Such election shall be communicated to the Clerk of Court and not disclosed to the Court. For the purpose of this rule, any pleading filed by the new party, including a motion to dismiss, shall be deemed its first responsive pleading.

**(G)** ***Cases Transferred From Another Federal Judicial District.*** When a case is transferred into this district from another federal judicial district, the Clerk of Court shall send all parties the information required by this rule and establish an appropriate deadline for the completion and electronic filing of the consent of the newly added parties. The procedures specified in paragraphs (A) through (F) are, otherwise, applicable to cases transferred from another federal district.

Notice and Consent Form

## LCvR 77.1.        ORDERS AND JUDGMENTS WHICH THE CLERK OF COURT MAY GRANT.

Pursuant to the provisions of  Fed. R. Civ. P. Rule 77(c), the Clerk of Court, or any authorized Deputy Clerk within the district, is authorized to grant and enter the following orders and judgments without further direction by the

Court, although any such action may be suspended, altered or rescinded by the Court for good cause shown:

**(1)** orders directing inmates to file sworn statements showing exhaustion of all administrative remedies through the North Carolina Department of Correction pursuant to 42 U.S.C. § 1997(e);

**(2)** orders directing inmates and the correctional facility in which the inmate is housed to file a copy of the inmate's trust fund account statement (or institutional equivalent) pursuant to 28 U.S.C. § 1915; and

**(3)** orders waiving the filing fee or directing a partial filing fee be paid by the inmate pursuant to Section 804 of the Prison Litigation Reform Act of 1995. These orders may also include directing the correctional facility at which the inmate is incarcerated to deduct monthly payments from the inmate's trust fund account and forward said payment to the Clerk of Court.

**LCvR 79.1    PRESENTATION, CUSTODY AND DISPOSITION OF EVIDENCE, MODELS, EXHIBITS AND DEPOSITIONS.**

*(A)    Presentation of Evidence.* Evidence shall be presented in electronic format through the use of the presentation technology available in the courtroom to display evidence to the jury and the Court. See Administrative Procedures.

*(B)    Custody with Clerk of Court.* Unless otherwise directed by the Court, or except as provided in Section (C) of this rule, all trial exhibits admitted into

evidence in criminal and civil actions shall be placed in the custody of the Clerk of Court. See Standing Orders.

*(C)* *Custody with the Offering Party.* All exhibits shall be retained in the custody of the party offering them, subject to the orders of the Court. Exhibits presented in electronic format will be available for transmission to the Court of Appeals as part of a record on appeal. Any physical evidence presented during a court proceeding shall be remain in the custody of the offering party which shall include, but not be limited to, the following types of bulky or sensitive exhibits: narcotics and other controlled substances; firearms; ammunition; explosive devices; jewelry; liquor; poisonous or dangerous chemicals; money or articles of high monetary value; counterfeit currency; biological hazards; and documents or physical exhibits of unusual bulk or weight.

At the conclusion of a trial or proceedings, the party offering such exhibits shall retain custody of them and be responsible to the Court for preserving them in their condition as of the time admitted until any appeal is resolved or the time for appeal has expired. The party retaining custody shall make such exhibits available to opposing counsel for use in preparation of an appeal and be responsible for their safe transmission to the appellate court, if required.

*(D)* *Disposition of Exhibits, Sealed Documents, and Filed Depositions by Clerk of Court.* Any exhibit, sealed document, or filed deposition in the Clerk

of Court's custody more than thirty (30) days after (1) the time for appeal, if any, has expired or (2) an appeal has been decided and mandate received, may be returned to the parties or destroyed by the Clerk of Court. The unsealing of sealed documents is governed by L.Cv.R. 6.1.

*(E)* ***Depositions.*** Depositions read into the Court record are considered exhibits for which the parties shall be responsible as provided in Section (C) above. Depositions on file admitted into evidence but not read into the record shall be retained in the Clerk of Court's custody and disposed of as authorized in Section (D) of this rule.

## LCvR 83.1    ATTORNEY ADMISSION AND ELIGIBILITY.

**(A)** ***Eligibility for Regular Admission.*** Any lawyer who is a member in good standing of the North Carolina State Bar is eligible for admission to practice before this Court upon motion of a member of the Bar of this Court, which admission shall be granted as a matter of course upon payment of all admission fees and upon taking the prescribed oath.

Attorneys already admitted to the Bars of either the United States District Court for the Eastern District of North Carolina or the United States District Court for the Middle District of North Carolina may be admitted to the Bar of this Court upon tendering the application and fees required by this rule, together with a copy of the Order or Certificate of Admission admitting the attorney to

practice in either of the aforementioned districts.

Counsel representing governmental or tribal agencies who are members in good standing of the Bar of a United States District Court, the Bar of the highest Court of any state, or the District of Columbia, are neither required to associate local counsel nor required to pay an attorney admission fee. By making an appearance, such attorney agrees to abide by the Local Rules, the North Carolina Rules of Professional Conduct, and to submit themselves to this Court for the enforcement of such rules.

**(B)** *Other Types of Admissions.* In addition to regular admission, an attorney may be admitted to practice before the Bar of this Court under the following types of admission:

**(1)** *Pro Hac Vice Admissions.* A *pro hac vice* admission is defined as an admission to the Bar of this Court in a particular case by an attorney who is a member in good standing of the Bar of a United States District Court, the Bar of the highest Court of any state, or the District of Columbia Bar. Such a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court.

**(2)** *Special Admissions.* A special admission is defined as a conditional admission to the Bar of this Court in a particular case without association of local counsel.

**(3)** *Nunc Pro Tunc Admissions.* A *nunc pro tunc* admission is defined as retroactive admission to the Bar of this Court. A *nunc pro tunc* admission is normally allowed at the time of a hearing or trial on behalf of an attorney who failed to be admitted to this Bar by regular, special, or *pro hac vice* admission. *Nunc pro tunc* admission is only temporary admission and must be followed up by seeking admission in one or the manners set forth above.

**(C)** ***Procedures and Forms Applicable to Special, Pro Hac Vice, and Nunc Pro Tunc Admissions.***

**(1)** Special, *pro hac vice*, and *nunc pro tunc* admissions are discretionary and additional requirements or expectations for such admissions may be found in the Standing Civil Order of the judge to whom the case is assigned.

**(2)** A motion seeking admission under this Rule shall be submitted to the Court upon the forms prescribed by this Court [Hyperlink to forms NOT Available at this time];

**(a)** the motion shall be filed electronically by local counsel who must be registered to file electronically;

**(b)** the motion shall include the e-mail address of the attorney seeking admission; and

**(c)** the motion shall be accompanied by a District Application Fee

plus the National Admission Fee established by the Judicial Conference of the United States. Fees

      **(3)**    Upon admission by the Court, the *pro hac vice* or special admission attorney will be added to the docket and will receive only electronic notices from the Clerk of Court.

      **(4)**    The Clerk of Court may permit the pre-admission filing of papers at the request of non-admitted counsel where justice requires; provided, however, the further participation of such counsel is subject to compliance with the admission practices of this Court.

**(D)**    ***An ECF Account Must Be Established After Admission.***  Any attorney admitted to practice before this Court must establish an ECF account with the Clerk of Court prior to filing any documents or cases in this district. To establish an ECF account, an attorney must complete ECF training made available in this district or certify that they have completed training in another federal district.

**(E)**    ***ECF Requirements Where a Party is Represented by Multiple Attorneys.***  Each attorney appearing of record in any matter must file an individual entry or notice of appearance using his or her ECF User ID issued upon the establishment of the ECF account. For example, where multiple attorneys, either in the same firm or different firms, represent a party in a case,

each attorney must file an individual notice of appearance, using his or her own User ID in order to receive electronic notification of future filings. The electronic filing system does not "read" the names of the attorneys who sign a document, but only notes the appearance of attorney(s) whose ECF passwords are used to file the document.

**(F)** ***Withdrawal of Counsel.*** In support of a motion, counsel seeking to withdraw shall electronically file written consent of their client to their withdrawal which shall become effective, however, only upon Court approval. Absent consent of the client, withdrawal may be obtained by electronically filing a motion to withdraw showing good cause for the withdrawal. This motion is to include the last known address of the client. Even in the absence of consent, withdrawal may still be allowed upon good cause shown.

**(G)** ***Substitution of Counsel.*** Substitution of counsel is accomplished automatically when the new attorney files a "Notice of Substitution of Counsel," which automatically terminates previous counsel and substitutes the new attorney as counsel of record.

**(H)** ***Law Student Practice Rule.***

**(1)** **Generally.** Law students may participate as counsel in civil and criminal cases in this Court subject to their compliance with all of the requirements set forth in this Rule.

**(2)    Student Eligibility.**    An eligible student must:

(a)    be duly enrolled in an accredited, provisionally accredited or approved law school;

(b)    have completed at least half the required credit hours for a *juris doctor* degree;

(c)    have a working knowledge of all applicable rules of Court, included but not to: the Federal Rules of Civil and/or Criminal Procedure; the Federal Rules of Evidence; the North Carolina Rules of Professional Conduct; and the Local Rules of this Court;

(d)    be supervised by a supervising attorney, as defined herein;

(e)    be certified by the dean of the law school where the student is enrolled, or the dean's designee, as:

(1)    being of good character;

(2)    possessing a sufficient legal ability; and

(3)    having been adequately trained to fulfill the responsibilities to both the client and the Court;

(f)    be certified by the Court to practice pursuant to this rule

(g)    decline personal compensation for legal services performed in this Court from a client or any other source, except that such student may receive a stipend from a law firm or other employer through an internship or

clerkship program that is not contingent on services provided to a client in this Court; and

(h)     have completed ECF training made available in this District, or certify that they have completed training in another federal district.

(i)     The judicial officer who is considering the admission of any student may make such exceptions to this rule as such judicial officer deems just and equitable.

**(3)     Supervising Attorney Eligibility and Responsibilities.**     A supervising attorney must:

(a)     be a member of the Bar of this Court;

(b)     have established an ECF account prior to seeking admission of the student; and

(c)     have at least two years experience as a member of the Bar of this court, or

(i)     maintains faculty, adjunct faculty, or fellowship status at a law school at which a portion of the supervisor's duties includes supervision of students in a clinical program; or

(ii)     has substantial similar experience as an attorney employed by the United States Department of Justice, the United States Attorney for the Western District of North Carolina, the Office of the Federal

Defender for the Western District of North Carolina, the North Carolina Attorney General, or a tribal counsel for the Eastern Band of Cherokee Indians. Any such attorney

(d)     be certified by the Court as having demonstrated the ability to supervise students;

(e)     be present with the student at all times while they are in Court, and at other proceedings in which testimony is taken;

(f)     co-sign all pleadings or other documents filed with the Court;

(g)     assume full personal and professional responsibility for a student's guidance, any work undertaken, and for the quality of the student's work, and to be available for consultation with represented clients;

(h)     assist and counsel the student in the "activities" discussed below and review such activities with the student, all to the extent required for proper practical training of the student and the protection of the client; and

(i)     supplement oral or written work of the student as necessary to insure proper representation of the client.

**(4)     Certification of Student and Supervisor After Completion of ECF Training and the Establishment of an ECF Account.**

**(a)     Student.** The Court's certification of a student to practice under this Local Rule shall be entered with the Clerk of Court and shall remain

in effect for eighteen (18) months or until the student graduates from law school, whichever is earlier. Certification to appear generally or in a particular case may be withdrawn by the Court at any time, in the discretion of the Court, and without any showing of cause. In order to assist the Court in maintaining a current list of students certified to practice under this Local Rule, the supervising attorney shall notify the Court of the student's graduation from law school.

      **(b)**    **Supervising Attorney.** The Court's certification of the supervising attorney shall be entered with the Clerk of Court, and shall remain in effect indefinitely unless withdrawn by the Court, in its discretion, and without any showing of cause. The Supervising Attorney's ECF account will allow the supervisor to accept electronic service on behalf of the student practicing under this Local Rule.

    **(5)**    **Activities.**  A certified student may, under the personal supervision of his or her supervisor:

      (a)    represent any client including federal, state or local governmental bodies, if the client on whose behalf the certified student is appearing has consented in writing to that appearance and the supervising lawyer has given written approval of that appearance;

      (b)    represent a client in any criminal, civil or administrative

matter; however, the Court retains the authority to limit a student's participation in any individual case; and

(c)   in connection with matters in this Court, engage in other activities on behalf of the client in all ways that a licensed attorney may, under the general supervision of the supervising lawyer; however, a student shall make no binding commitments on behalf of a client absent prior client and supervisor approval.   In any matter involving the taking of testimony, including depositions, the student must be accompanied by the supervising lawyer. Documents or papers which are filed by the student shall be read, approved, and co-signed by the supervising lawyer. The Court retains the authority to establish exceptions to such activities.

**(6)   Scope of Participation Statement.**   Prior to oral participation by a certified student in a hearing or trial, the supervising attorney shall advise the Court of the scope of participation anticipated on the part of the certified student.

## LCvR 83.2.   NO   PHOTOGRAPHING, TELEVISING, OR BROADCASTING OF COURT PROCEEDINGS.

The taking of photographs in the courtroom, or in the corridors immediately adjacent thereto, during the progress of judicial proceedings, or during any recess, and the transmitting or sound recording of such proceedings

for broadcasting by radio or television or any other media, shall not be permitted.  However, proceedings that are designed and conducted as ceremonies, such as administering oaths of office to appointed officials of the Court, presentation of portraits, naturalization ceremonies, and similar ceremonial occasions, may be photographed and/or broadcasted or televised from the courtroom, with the permission and under the supervision of the Court.

## *LOCAL RULES GOVERNING CRIMINAL CASES*

**LCrR 5.2        FILING OF PAPERS, PRESENTING JUDGMENTS, ORDERS, AND COMMUNICATIONS TO JUDGE.**

**(A)    *Electronic Filing Authorized.*** The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the Federal Rules of Criminal Procedure, Local Rules, and the Administrative Procedures Governing Filing and Service by Electronic Means adopted by this Court (hereinafter "Administrative Procedures").  Administrative Procedures

**(B)    *Mandatory Electronic Filing.*** All documents submitted for filing in this district shall be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or by the assigned judge. Administrative Procedures

**(C)    *Filing of Papers*.** All pleadings, motions, memoranda, orders, and

judgments shall be filed electronically with the Court. In circumstances where conventional filing is permitted by the Administrative Procedures, all papers of every sort may be filed in Asheville, Charlotte, or Statesville, regardless of the division in which the case may be pending as may suit the convenience of counsel.

**(D)** ***Motion for Consolidation of Cases.*** A motion for consolidation shall be filed in accordance with LCrR 20.1.

**(E)** ***Filing of a Redacted Pleading is Permitted to Eliminate Personal Data Identifiers.*** In compliance with the Policy of the Judicial Conference of the United States and the E-Government Act of 2002, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the Court, including exhibits thereto, whether filed electronically or in paper form, unless otherwise ordered by the Court:

**(1)** ***Social Security Numbers.*** If the individual's Social Security number must be included in a pleading, only the last four digits of that number should be used.

**(2)** ***Names of Minor Children.*** If the involvement of a minor child must be mentioned in a pleading, only the initials of that child should be used.

**(3)** ***Dates of Birth.*** If the individual's date of birth must be included in a pleading, only the year should be used.

**(4)** ***Financial Account Numbers.*** If financial account numbers are relevant and must be included in a pleading, only the last four digits of the financial account number should be used.

**(5)** ***Other Identifying Information.*** Counsel may also redact any other personal identifier information which they deem appropriate. This redacted document will be made available in electronic format to the public. A reference list containing the redacted personal information may be filed under seal. LCrR 55.1

The responsibility for redacting these personal identifiers rests solely with counsel and parties. The Clerk of Court will not review each pleading for compliance with this rule.

**(F)** ***Filing of an Unredacted Pleading or Other Paper Under Seal Permitted.*** In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal. LCrR 55.1

**(G)** ***Presenting Judgments, Orders, and Other Communications to Judges.*** As provided by the Administrative Procedures, parties may submit proposed orders, memoranda of decision, judgments, bills of costs, and other proposed

documents for consideration and entry by the Court or the Clerk of Court electronically. Such proposed documents <u>must be submitted</u> through cyberclerk and may also be submitted as <u>attachments</u> to a motion, brief, or notice that relates to the proposed relief sought. In any event, such proposed document must be served on all parties as provided by Rule 5, Fed. R. Civ. P., unless an exception is provided by the Fed. R. Crim. P. for proceeding *ex parte*.

## LCrR 5.3 SERVICE OF DOCUMENTS BY ELECTRONIC MEANS.

**(A)** *Service By Electronic Means for Registered Users After Service of Process.* Other than the document upon which an action is commenced, registered users may serve all papers through the Court's Electronic Case Filing ("ECF") system. Issuance of the "Notice of Electronic Filing" ("NEF"), which is automatically generated by the Court's electronic filing system, constitutes proof of service of the filed document upon all registered users unless the filing party learns that such attempted service was not successful. [Administrative Procedures, Section II, B2](#) While the NEF constitutes proof of service, it is not a substitute for the Certificate of Service, which is still required as discussed below.

**(B)** *Conventional Service of and by Parties and Attorneys Exempt from Electronic Case Filing.* Parties and attorneys who are not registered users must be served conventionally in accordance with the Federal Rules of Civil

Procedure and the Federal Rules of Criminal Procedure, the Local Rules, and this district's Administrative Procedures. Administrative Procedures, Section II, B4

**(C)** ***Certificate of Service Required.*** Unless an exception for proceeding *ex parte* is provided by the Federal Rules of Criminal Procedure, a certificate of service must be included with all documents, including those filed electronically, indicating thereon that service was or will be accomplished through the NEF for parties and counsel who are registered users and indicating how service was or will be accomplished as to non-registered users. Administrative Procedures

## LCrR 11.1 ELECTRONIC RECORDING OF RULE 11 INQUIRY.

When an inquiry under Fed. R. Crim. P. 11 is conducted by a magistrate judge, the electronic recording of the proceeding shall constitute the *verbatim* record of the proceeding.

## LCrR 17.2 SUBPOENAS IN CRIMINAL CASES.

***Requests For Subpoenas Where Defendant Is Unable To Pay.*** All defense motions that seek service of subpoenas by the United States Marshal at government expense must be filed with the Court at least fourteen (14) days in advance of either the hearing date or the first day of the term of Court,

whichever date is earlier, for which the witness's presence is being requested. Any subpoena request not made at least fourteen (14) days in advance of the applicable date may be denied as untimely.  Upon a finding of good cause, however, a judicial officer may elect to honor an untimely subpoena request.

## LCrR 17.3 APPLICATIONS FOR WRITS IN CRIMINAL CASES.

*Applications For Issuance Of Writs Of Habeas Corpus To Be Executed By the United States Marshal's Service.*  In order to ensure the prisoner's presence in the district at the requested time, applications for writs of *habeas corpus* (*ad prosequendum* and/or *ad testificandum*) that are to be executed by the United States Marshal must be filed with the Court within the time frames provided below:

> **(i)** if the prisoner is out-of-district, at least **twenty-one (21)** days in advance of the hearing date, or the first day of the term of Court, whichever date is earlier,  for which the prisoner is needed;

> **(ii)** if the prisoner is within the district, at least fourteen (14) days in advance of the hearing date, or the first day of the term of Court, whichever date is earlier, for which the prisoner is needed.

Any writ application not made within the time period prescribed herein may be denied as untimely.  Upon a finding of good cause, however, a judicial officer may elect to honor an untimely writ application.

## LCrR 20.1      CONSOLIDATION AND TRANSFER OF CASES.

***Consolidation or Transfer of Related Cases.***   If a related case is pending before another district judge, the government or defendant shall move for consolidation before or transfer to the judge assigned to the lowest case number and submit a proposed Order for the Court. The motion for consolidation or transfer may be filed in either of the cases with proper notice of the motion in the related case. Upon execution of the Order, the Clerk of Court shall re-assign the later case to the judge presiding on the lowest case number, unless otherwise set forth in the Order.

## LCrR 23.1      FAIR TRIAL AND FREE PRESS IN CRIMINAL CASES.

It is the duty of the lawyer, in connection with pending or imminent criminal litigation with which he or she is associated, not to release or authorize the release of information or opinion for dissemination by any means of public communication, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

## LCrR 32.3      DISCLOSURE OF PRE-SENTENCE OR PROBATION RECORDS.

The probation officer's sentencing recommendation is a confidential record and shall not be disclosed, except pursuant to an Order of the Court. No confidential records of this Court maintained by the probation office, including

but not limited to the sentencing recommendation, shall be sought by an applicant except by written petition to this Court establishing with particularity the need for specific information in the records.

**LCrR 32.4**    **ASSIGNMENT OF AUTHORITY TO MAGISTRATE JUDGES IN CRIMINAL FORFEITURE CASES AND PUBLICATION OF NOTICE IN FORFEITURE CASES.**

**(A)**    ***Magistrate Judge's Duties in Criminal Forfeiture Cases***.  In any case where a defendant pleads guilty and consents to forfeiture of property, a duly appointed magistrate judge is authorized to enter one or more orders and judgments of forfeiture in connection with the hearing under Fed. R. Crim. P. 11.

    **(1)**    ***Findings of Fact***.  Based upon a stipulation of the parties or other proper showing, the magistrate judge may make any related finding of fact contemplated by Fed. R. Crim. P. 32.2, provided that the defendant consents to those findings.

    **(2)**    ***Waiver of Notice***.  The notice  required by Fed. R. Crim. P. 32.2 may be waived by defendant either through written consent contained in the plea agreement or through written consent of both defendant and defendant's counsel contained in a proposed Order and/or Judgment.

    **(3)**    ***Ancillary Proceedings***.

        **(a)**    Where a forfeiture consists of a money judgment or where no

third party files a timely petition, the Order of Forfeiture may become final without conducting an ancillary proceeding to adjudicate third party interests.

**(b)** A magistrate judge shall not conduct an ancillary proceeding unless instructed by a district judge to do so.

**(c)** Where an ancillary proceeding is conducted by a magistrate judge, the Order and Judgment entered in connection with the Rule 11 proceeding is deemed to be a "Preliminary Order" for purposes of Rule 32.2(c) and may be amended, if necessary, by a further Order and Judgment of a district judge.

**(B)** *Publication of Notice by the Government.* Unless otherwise required by statute, rule, or specific Order of this Court, in any criminal judicial forfeiture case filed in this district, the government may satisfy its requirement of publication of notice by publishing once in a newspaper of general circulation. Publication in such manner shall be deemed to satisfy the publication requirements of 21 U.S.C. § 853(n)(1) and Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## LCrR 44.1 ADMISSION AND APPOINTMENT OF COUNSEL

**(A)** *Civil Local Rules for Admission are Applicable to Admission in Criminal Cases.* The admission and appearance of counsel are governed by LCvR 83.1. Such civil local rule is adopted herein as if fully set forth.

Appointment of counsel is governed by Title 18 and the district's Criminal Justice Act Plan**.**

**(B)** ***Additional Considerations for Representation in Criminal Proceedings.*** The Sixth Amendment guarantees that each defendant in a criminal matter has the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. The Court makes every effort to ensure that a defendant's right to counsel of his choice is protected. To that end, a defendant has the following choices in a criminal matter and may

**(1)** represent himself if he voluntarily elects to do so;

**(2)** request that the Court appoint counsel based upon a showing of indigency;

**(3)** hire an attorney who is a member of the Bar of the Western District of North Carolina; or

**(4)** hire an attorney who is not a member of the Bar of the Western District of North Carolina, but who meets at least one of the following criteria:

**(a)** is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;

**(b)** is a member in good standing of any state, district, or territorial Bar of the United States <u>and</u> is appearing with a member in good

standing of the Bar of this Court, who moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or

        **(c)**    is a member in good standing of any state, district, or territorial Bar, and moves for and is granted "special admission" upon a showing of good and adequate cause.

"Special admission" (admission without association of local counsel) is conditional admission to the Bar, and shall not be granted absent a showing of good cause. The right to counsel includes the right to effective assistance of counsel; therefore, a request for special admission requires averment of familiarity with North Carolina trial practices as well as the Local Rules. Even when special admission is allowed in a criminal matter, the Court reserves the right to require specially admitted counsel to associate local counsel at any time.

## LCrR 47.1        MOTIONS PRACTICE IN CRIMINAL CASES.

**(A)**    ***Motions In Writing.*** Unless made during a hearing or trial, all motions must be made in writing, filed as provided by LCrR 5.2, and shall state with particularity the grounds of the motion and shall set forth the relief or Order sought. Unless otherwise ordered by the Court, motions will ordinarily be ruled upon without oral argument.

**(B)**    ***Certificate Of Conference With Filing.*** Pretrial motions, other than motions to suppress, *ex parte* motions, and notices (notice of substitution of

counsel, notice of appearance, notice of intent to present certain types of evidence, etc.) shall include a certification that the moving party has conferred with opposing counsel and state opposing counsel's position on the relief sought, or an explanation as to why conferring should not be required under the circumstances. If a hearing on a motion is requested, counsel should estimate the length of such hearing.

**(C)** *Requirement of Briefs.* Briefs shall be filed contemporaneously with any potentially dispositive pretrial or post-trial motion submitted in a criminal action. No brief is required in support of timely motions for extension of time, continuances, admissions *pro hac vice*, etc.

**(D)** *Response Required by the Government.* Unless otherwise directed by the Court, the government shall respond to all potentially dispositive defense motions filed in a criminal case. Examples of such motions include motions to suppress and motions to dismiss the indictment. Unless otherwise directed by the Court, the government is not required to respond to *pro se* motions filed by a criminal defendant who is still represented by counsel and who has not formally waived his or her right to counsel after appearing before a judicial officer and being fully advised of the consequences of waiver.

**(E)** *Motions Deadline/Time For Filing Response.* Motions practice, including deadlines for the filing of pretrial motions, and the time for filing

responses and replies to motions, is governed by the practice of the presiding judge consistent with Federal Rules of Criminal Procedure 12 and 47. Unless otherwise directed by the Court, responses to motions, if any, shall be filed within seven (7) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion. Neither the motions deadlines set within an Arraignment Order, nor operative deadlines under this local rule, entitle any party to continuance of a trial date.

 **(F)** *Calculation of Deadlines.* Deadlines for filing and serving responses and replies (if allowed) are calculated consistent with Rule 45, Federal Rules of Criminal Procedure.

**(G)** *Proposed Orders.* When a proposed Order is submitted, such proposed documents must be submitted through "Cyberclerk," but may also be submitted as <u>attachments</u> to a motion, brief, or notice that relates to the proposed relief sought. In any event, unless the motion is submitted *ex parte*, such proposed document must be served on all parties.

**(H)** *Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right To Counsel.* Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and  has not formally waived his or her right to counsel in the presence of a judicial officer after being fully

advised of the consequences of waiver.  Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.

## LCrR 55.1        SEALED RECORDS AND PUBLIC ACCESS.

**(A)**    ***Sealing Criminal Cases.***   At the time of filing a complaint or information, or upon the return of an indictment, the government may move to seal such case by accompanying the charging document with an *ex parte* motion and proposed Order requesting that all or a portion of the documents in the criminal case be sealed.  After review by the Court and consideration of alternatives to sealing, the Court may enter either its own Order or adopt a proposed Order submitted by the government if the facts shown justify sealing.  The Clerk of Court shall seal the case or documents as specified in the Court's Order.

**(B)**    ***Unsealing Criminal Cases.***   Unless a motion is made to keep any case or document(s) sealed and such motion is granted, the case or document(s) shall be unsealed as follows:

     **(1)**    where the case involves a single defendant, at the time of the defendant's initial appearance;

     **(2)**    where the case involves more than one defendant, at the time of the last defendant's initial appearance; or

     **(3)**    upon motion of the government to unseal.

**(C)**    ***Pending Cases.***   Upon motion filed separate and apart from the motion or

pleading sought to be sealed, the Court may enter an Order sealing a pending case or any portion thereof after such notice as required by law or these rules has been provided by the moving party. After review by the Court and consideration of alternatives to sealing, the Court may enter either its own Order or adopt a proposed Order if the facts shown justify sealing. The sealing motion and proposed Order presented to the Court should specifically identify that portion of the record which is to be sealed, such as:

    **(1)**    the case file;

    **(2)**    the case docket;

    **(3)**    a specific pleading and/or its docket entry; or

    **(4)**    the identity of new defendants brought into the case.

Any documents sought to be filed under seal may be submitted to the Court for *in camera* review in person or *via* cyberclerk.

**(D)**    *Documents*. Unless otherwise ordered by the Court, documents sealed by the Court or otherwise required to be sealed by statute shall be marked as such within the document caption and filed electronically. Administrative Procedures If the document is sealed pursuant to a prior Order of the Court, the pleading caption shall include a notation that the document is being filed under Court seal and include the Order's entry date.  No document shall be designated by any party as "filed under seal" or "confidential" unless:

**(1)** the document has been sealed by prior Order of the Court;

**(2)** it is being filed in a case that the Court has ordered sealed; or

**(3)** it contains material that is the subject of a Protective Order entered by the Court.

**(E)** ***Case Closing.*** After final disposition of any criminal case where the file or documents under Court seal have not previously been unsealed by Court Order, unless otherwise ordered by the Court, the filing party shall be responsible for filing a motion unsealing the matter with a proposed Order for the Court's execution.

**(F)** ***Access to Sealed Documents.*** Unless otherwise ordered by the Court, access to documents and cases under Court seal shall be provided by the Clerk of Court only pursuant to Court Order. Administrative Procedures Unless otherwise ordered by the Court, the Clerk of Court shall make no copies of sealed files or documents.

**(G)** ***Arrest, Search, and Seizure Warrants.*** Any application for an arrest, search, or seizure warrant shall be sealed until all the warrants have been executed and returned to the Court. No motion to seal shall be required for such materials. The government, defendant, or interested nonparties may move to unseal prior to the execution or delivery of all warrants. The government may move to continue the seal after the execution of all warrants. After review by

the Court and consideration of alternatives to sealing, the Court may enter either its own Order or adopt a proposed Order submitted by the government if the facts shown justify sealing.

**(H)** *Sentencing Materials.* All portions of pleadings, motions and objections which incorporate or refer to a defendant's pre-sentence report shall, if filed, be filed under seal. No motion to seal shall be required for such materials. The defendant, government, and United States Probation Office shall be notified by the moving party of any motion to unseal pre-sentence materials, sentencing memoranda, pre-sentence report, or any related materials and given an opportunity to respond to such motion within the times set forth in Local Criminal Rule 12.5(E) before any such material is publicly disclosed.

**(I)** *Public Notice.* The Clerk of Court shall provide public notice by docketing the motion in a way that discloses it as a motion to seal unless otherwise ordered by the Court consistent with this Rule and applicable law. Within the time allowed by the Court for the non-moving party to respond to the motion to seal, other parties and non-parties may submit memoranda in support of or in opposition to the motion, and may designate all or part of such memoranda as confidential. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion. Where the Court allows no response, such as where the motion to seal is consented to by all

parties, interested non-parties may thereafter file a Motion to Unseal.

**LCrR 55.2**    **P R E S E N T A T I O N ,    C U S T O D Y   A N D DISPOSITION OF EVIDENCE, MODELS, EXHIBITS AND DEPOSITIONS.**

The presentation, custody and disposition of evidence, models, exhibits and depositions in a criminal case are governed by Local Civil Rule 79.1, which is incorporated herein by reference.

**LCrR 57.1**    **AUTHORITY OF MAGISTRATE JUDGES IN CRIMINAL MATTERS.**

**(A)**    Magistrate judges are authorized and designated to exercise the following functions and duties in criminal actions:

**(1)**    to perform the duties prescribed in 28 U.S.C. § 636(a);

**(2)**    to try and sentence, if found guilty, persons charged with petty offenses and misdemeanors, and to direct the United States Probation Office to prepare a pre-sentence report in any such case, as provided by 18 U.S.C. § 3401;

**(3)**    to hear and decide non-dispositive procedural or discovery motions and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A);

**(4)**    to hear any dispositive motions involving cases in which the parties have not consented to jurisdiction of the magistrate judge and thereafter to submit to the district court proposed findings of fact and recommendations for

disposition of such motions, as provided by 28 U.S.C. § 636(b)(1)(B);

**(5)**   to issue preliminary orders and conduct necessary evidentiary hearings or other appropriate proceedings in connection with cases filed pursuant to 28 U.S.C. §§ 2254 and 2255, and to submit to the district court a report containing proposed findings of fact and recommendations for disposition of such cases (unless consent is obtained for final disposition);

**(6)**   to accept returns of true bills of indictment from the grand jury;

**(7)**   to issue orders or warrants authorizing acts necessary in the performance of the duties of administrative and regulatory agencies and departments of the United States government pursuant to 28 U.S.C. § 636(b)(3);

**(8)**   to perform any additional duties that are not inconsistent with the Constitution or the laws of the United States, as shall be assigned or delegated by a district judge; and

**(9)**   to conduct, take, and accept pleas under Fed. R. Crim. P. 11.


**LCrR 58.1**          **FORFEITURE OF COLLATERAL SECURITY IN LIEU OF APPEARANCE.**

Pursuant to Fed. R. Crim. P. 58 and 28 U.S.C. § 636(b)(3), and upon motion made by the government in the interest of justice, good Court administration, and sound law enforcement, the Unified Collateral Forfeiture Schedule implemented April 14, 2004,  is hereby adopted and incorporated

herein by reference as if fully set forth, as amended by the "2004 Supplement to the Unified Collateral Forfeiture Schedule."  In accordance with Fed. R. Crim. P. 58, the Board of Judges may periodically supplement the Collateral Forfeiture Schedule by and through subsequent orders issued by a majority of the Board of Judges.

**LCrR 58.2**   **PROCEDURES APPLICABLE TO COLLATERAL FORFEITURES, PETTY OFFENSES, AND CLASS A MISDEMEANORS.**

**(A)**   ***Effect of Payment of a Collateral Forfeiture.***   The payment of a collateral in lieu of appearance is a "civil penalty," is not an admission of guilt, and shall not be deemed to be a "criminal conviction" for any purpose.

**(B)** ***Procedures Applicable to Processing and Trial of Petty and Class A Misdemeanor Offenses***

**(1)**   ***Scheduling of Court Days.***  The Clerk of Court shall establish and calendar Court days for the hearing of petty and misdemeanor offenses at such times and places as the Clerk of Court deems necessary.

**(2)**   ***Attendance.***  Persons charged, as well as the charging officer, shall be present on scheduled Court days.  Pretrial motions to continue shall be determined by the Clerk of Court or any judicial officer.  Most cases will be resolved at the first Court day, and persons charged with offenses as well as charging officers should be prepared to dispose of their cases that day.

Continuances upon good cause shown will be the exception, not the rule.

**(3)** ***Charging Instruments.*** Decisions as to which charging instruments to issue, and the charging instruments on which to proceed, are within the sound discretion of the government as provided by Fed. R. Crim. P. 58(b)(1).

**(a)** ***Initial Charging Instrument.*** Any misdemeanor (Class A, Petty, or Infraction), may be commenced through the issuance of a violation notice.

**(b)** ***Sending the Violation to CVB***. In accordance with the rules promulgated by the Central Violations Bureau ("CVB"), any officer who issues a violation notice must mail the violation notice to the CVB within three (3) business days of issuance. Failure to do so may result in summary dismissal of the ticket, referral of the matter to the government, or further Court action.

**(c)** ***Charging Instrument Sufficient for Trial.*** Trial of a petty offense or infraction may proceed on a violation notice. Fed. R. Crim. P. 58(b)(1). Trial of a Class A misdemeanor may proceed on an indictment, information, or complaint. Id. Where a Class A misdemeanor is initially charged by way of a violation notice, the government should be prepared by the first scheduled Court day to supersede the violation notice with an appropriate trial instrument **or** stipulate that it is only proceeding on the lesser included petty offense.

**(4)** *Plea Negotiations.* Plea negotiations are anticipated by the Federal Rules of Criminal Procedure.  See Fed. R. Crim. P. 11.  A period of time will be set aside at the beginning of the Court day sufficient for each person charged or their attorney to discuss their charges with the government.

**(5)** *Collaterals on the Day of Court.* The government has, as a matter of law, full authority to dispose of any charge before trial in any manner the government deems appropriate.  In recognition of this important duty, the government may, within the confines of plea negotiations, allow resolution of any violation notice by way of payment of a collateral forfeiture ("collateral"), may raise or lower a collateral (not to exceed the maximum possible fine), and may convert a mandatory appearance into a collateral up to and through the day of Court.  Fed. R. Crim. P. 58(d)(1).

**(6)** *Calendar Call.*  After the government indicates that it has had sufficient time for plea negotiations, Court will commence.

**(7)** *Taking of Pleas.*  Where a charge is to be resolved through a plea of guilty, the Court will provide the person charged with a combined and brief initial appearance, an abbreviated Rule 11 proceeding, and a sentencing hearing.

**(8)** *Appointment of Counsel.* The Court will consider the appointment of counsel in cases where the government indicates that there is a possibility of imprisonment.  Persons  desiring Court-appointed counsel should fill out an

appropriate affidavit of indigency the day of Court. The Federal Defender may assist persons in making such requests and such requests may be tendered for approval before Court so that the Federal Defender may participate in the plea negotiation process.

(9) **Trials.** Where a person charged tenders a plea of not guilty, the Court will afford such person a bench trial. In Class A misdemeanors where a jury trial is requested or where the person charged does not consent to proceed before a magistrate judge, such charges will be transferred to a district judge. Once transferred to a district judge, "Class A" misdemeanors will only be remanded to the magistrate judge where the district judge so directs.

(10) **Sentencing.** In the event a person is found guilty after either a plea or trial, the Court will proceed immediately to sentencing. In a Class B misdemeanor or infraction (also known as "petty offenses"), no pre-sentence report is required. In a Class A misdemeanor, a person charged may waive preparation of a pre-sentence report or the Court may direct the preparation of an abbreviated report.

(11) **Payment of Fines.** Immediate payment of the fine and special assessment is required by way of mail payment. The Court does not accept cash payments. Where the Court allows deferred payment, defendant shall provide the Clerk of Court with his or her Social Security number, driver's license

number, and phone number.

**(12)** *Failure to Appear.* At the conclusion of all matters, the Court will determine who has failed to appear. Where a person fails to appear on an offense for which a collateral was issued, a warrant for arrest shall issue which shall allow either payment of twice the collateral in lieu of arrest or an arrest without bond. The United States Marshal is authorized to contact the government or a United States Magistrate Judge (or such judge's staff) for permission to accept a lesser amount as circumstances may warrant. Where a person fails to appear on an offense for which a mandatory appearance was issued, the Court shall issue a warrant for arrest.

**(13)** *Dismissal for Insufficient Address.* Where a person charged with an offense cannot be located and noticed to come to Court by the CVB based on the information provided by the charging officer, the Court will administratively dismiss such violation notice without prejudice. <u>See</u> U.S.M.J. Manual, CVB, at 4-5 (2003). The charging officer may, thereafter, issue a new violation notice to such person if further investigation provides the issuing officer with a better address. It is the responsibility of the charging officer to check with the CVB or the government, not the Clerk of Court, as to the status of any violation notice.

**(14)** *Non-Current Warrants.* Warrants that have not been served after

eight (8) months shall be disposed of in a manner consistent with the rules, regulations, and standards set forth and promulgated by the CVB. Any such dismissal shall be without prejudice as to the charging agency or the government taking whatever action it deems appropriate in further prosecution of such alleged offenses.

**(C)** *Arrests*

**(1)** *Field Bonds*. Officers are authorized to issue unsecured "field bonds" on forms approved by the Court to assure the appearance of any person. Unsecured Field Bond Form Such forms may be utilized where the accused is not a danger to himself and/or the community and has no known history of failure to appear. If the person arrested qualifies for a field bond, the officer shall advise the arrestee of the right to be taken before a judicial officer within a reasonable time and that by signing a field bond, the arrestee waives that right.

**(2)** *Appearance Before a Judicial Officer*. Unless a field bond is used, an arrested person shall be promptly brought before a United States Magistrate Judge or, in the event a federal magistrate judge is not reasonably available, before a state judicial officer as authorized by 18 U.S.C. § 3041. The arresting officer shall use best efforts to contact the Clerk of Court and advise the Court of such arrest prior to arriving at the courthouse.

**(3)** *Custody*. The United States Marshal only takes custody of a

defendant who is arrested by another agency after a federal magistrate judge has found that there was probable cause for the arrest.  <u>See</u> 28 C.F.R. ¶ 0.111(k).  Where an officer houses a defendant in a facility overnight, it is the duty of the arresting officer to secure the defendant from the local jail facility and promptly take such person before a federal magistrate judge for an initial appearance.  <u>See</u> Fed. R. Crim. P. 5(a).  The arresting officer shall use best efforts to contact the Clerk of Court and advise the Court of such arrest prior to arriving at the courthouse.