# RULES OF

# PRACTICE AND PROCEDURE

# OF THE

# UNITED STATES

# DISTRICT COURT

# FOR THE WESTERN DISTRICT

# OF NORTH CAROLINA

_____

# 2017 Edition

**Local Rules Governing Civil Cases**
**&**
**Local Rules Governing Criminal Cases**

# TABLE OF CONTENTS

## I. Local Rules Governing Civil Cases

LCvR 1.1      Application of Local Civil Rules

LCvR 3.1      Filing Fee, Bond, Security, Prohibited Sureties, Payment of Fees Electronically, and Refunds

LCvR 4.1.1      Service of Summons and Complaint

LCvR 4.2      Publication of Notice by the United States in Civil Forfeiture Actions

LCvR 4.3      Waiver of Service upon Current and Former North Carolina Department of Public Safety Employees in Civil Rights Actions filed by North Carolina State Prisoners

LCvR 5.2.1      Electronic Filing Authorized, Filing of Papers, Filing of Redacted Pleadings, and Presenting Judgments, Orders, and Communications to Judges

LCvR 5.3      Service by Electronic Means

LCvR 6.1      Sealed Filings and Public Access

LCvR 7.1      Motions in Civil Cases, Brief Requirements, Exhibit Numbering, Page Limits, and Proposed Orders

LCvR 7.2      Social Security Cases

LCvR 16.1      Pretrial Conferences, Initial Attorney's Conference, Joint Stipulation of Consent to United States Magistrate Judge Jurisdiction, and Initial Pretrial Conference

LCvR 16.2      Mediation or Alternative Dispute Resolution ("ADR")

LCvR 16.3      Rules Applicable to Mediation or ADR

LCvR 16.4      *Pro Se* Settlement Assistance Program

LCvR 26.1      Commencement of Discovery

LCvR 26.2      Discovery Material Not To Be Filed Unless Ordered or Needed

LCvR 42.1          Motion for Consolidation of Cases

LCvR 45.1          Production of Subpoenaed Material by Certain Non-Parties, Custodians of
                   Records

LCvR 45.2          Notice of Document Subpoena to Non-Party

LCvR 47.1          Contact with Jurors before Trial and During *Voir Dire*

LCvR 54.1          Taxation of Costs Other Than Attorney Fees

LCvR 67.1          Registry Funds

LCvR 72.1          Authority of United States Magistrate Judges in Civil Matters, Standing
                   Orders of Reference

LCvR 73.1          Trial By Consent Before a United States Magistrate Judge, Initial
                   Assignment of Cases, Duty of Parties, and Failure to File the Joint
                   Stipulation

LCvR 77.1          Orders and Judgments the Clerk of Court May Grant

LCvR 79.1          Presentation, Custody, and Disposition of Evidence, Models, Exhibits, and
                   Depositions

LCvR 83.1          Attorney Admission and Eligibility, Establishment of an ECF Account
                   before Admission, Definitions of Types of Admissions

LCvR 83.2          Attorney Discipline and Disbarment

LCvR 83.3          Use of Electronic Devices and Cameras in the Courthouse

## II.     Local Rules Governing Criminal Cases

LCrR 1.1           Application of Local Criminal Rules

LCrR 11.1          Electronic Recording of Rule 11 Inquiry

LCrR 11.2          Plea Hearings and Factual Basis for Pleas

LCrR 17.2          Subpoenas in Criminal Cases

LCrR 17.3          Applications for Writs in Criminal Cases

LCrR 20.1          Consolidation and Transfer of Cases

LCrR 23.1          Fair Trial and Free Press in Criminal Cases

LCrR 32.2.1        Authority of United States Magistrate Judges in Criminal Forfeiture Cases
                   and Publication of Notice in Forfeiture Cases

LCrR 32.3          Disclosure of Presentence or Probation Records

LCrR 32.4          Statement of Relevant Conduct

LCrR 32.5          Sentencing Hearing, Presentence Reports, Identities of Victims, and
                   Sentencing Memoranda

LCrR 44.1          Admission, Appearance, Appointment, Discipline, and Disbarment of
                   Counsel

LCrR 47.1          Motions Practice in Criminal Cases, Requirement of Briefs, Responses
                   Required by the Government, and Proposed Orders

LCrR 49.1.1        Sealed Records and Public Access

LCrR 49.1.2        Electronic Filing of Papers, Filing of Redacted Pleadings, and Presenting
                   Judgments, Orders, and Other Communications to Judges

LCrR 49.1.3        Service of Documents by Electronic Means

LCrR 55.2          Presentation, Custody, and Disposition of Evidence, Models, Exhibits, and
                   Depositions

LCrR 58.1          Forfeiture of Collateral Security in Lieu of Appearance

LCrR 58.2          Procedures Applicable to Collateral Forfeitures, Petty Offenses, and Class
                   A Misdemeanors

LCrR 59.1          United States Magistrate Judge Duties in Felony Cases

*LOCAL RULES GOVERNING CIVIL CASES*

**LCvR 1.1       APPLICATION OF LOCAL CIVIL RULES**

The Local Civil Rules which follow are intended to provide case participants with procedures that supplement the Federal Rules of Civil Procedure. They are not intended to bind any judicial officer to any particular course of action or result. Each judicial officer retains the discretion to apply the Local Civil Rules in a manner consistent with the demands of the case.

**LCvR 3.1       FILING FEE, BOND, SECURITY, PROHIBITED SURETIES, PAYMENT OF FEES ELECTRONICALLY, AND REFUNDS**

**(a)**     *Filing Fee and Cost Bond*.  When a party commences or removes an action to this Court, the party must pay a filing fee in such amount as established by law.  In a civil case commenced in this Court, no bond, or cash deposit in lieu of such bond, as security for costs is required except on motion and for good cause shown.

**(b)**     *Security*.  Bonds shall be allowed and taken with security, or one or more securities, as provided by the federal statutes or the Federal Rules of Civil Procedure.  The judges of this district may, for good cause, enter orders restricting any bonding company or surety company from being accepted as surety upon any bond in any case or matter in this district.

**(c)**     *Prohibited Sureties*.  Neither counsel of record, administrative officers, Court employees, nor the United States Marshal or the Marshal's deputies or assistants, may act as surety in any suit, action, or proceeding in this Court, except by leave of the Court.

**(d)**     *Payment of Filing and Other Fees Electronically*.  Where the Federal Rules of Civil Procedure or the Local Rules of this Court require payment of filing, admission, special

admission, or other fees, such may be accomplished through secure electronic means as established by the Clerk of Court.

    **(e)**    *Fee Refunds*.  Fees paid to the Clerk of Court will be refunded only upon Court order or where the payment was made in error.

        **(1)**    *Refunds by the Clerk of Court for Erroneous Payments*.  The Clerk of Court (or the Clerk's designee) may, in their discretion and without a Court order, refund fees accepted in error.  Examples are duplicate payments, payments to the wrong district, overpayments, and payments made in error by attorneys through the Electronic Payment System. To receive a refund from the Clerk of Court based on an erroneous payment, the payor must submit a written request to the Clerk of Court indicating the payment amount, the case in which the payment was made, and the nature of the error.  Such requests may be submitted by accessing the Court's internet website and clicking on the "Contact Us" tab.  Refunds of electronic payments will be credited electronically to the payor's credit card.  No cash refunds will be made.

        **(2)**    *Refunds by Court Order*.  Requests for payment refunds that were not made in error by the payor will ordinarily be referred to the presiding judge.  Such refunds will be made only at the direction of the Court.

        **(3)**    *Refunds Where Payee Has an Outstanding Balance*.  The Clerk of Court will not refund payments made in error if it is determined that the payor owes any other debt to the Court.

    **(f)**    *Clerk of Court's Responsibilities as to Payments and Refunds*.

        **(1)**    *Electronic Payments*.  As to electronic payments, in conducting Electronic Case Filing training, the Clerk of Court will train attorneys on the Electronic Payment System,

including Court regulations governing the Electronic Payment System.

        **(2)**    *Conventional Payments*.  As to conventional payments received through the mail or by the Clerk of Court, the Clerk of Court will attempt to confirm that each payment is proper before it is deposited and a receipt is issued.  If a conventional payment is deposited and receipted in error, it will be refunded to the payor by a United States Treasury check, which will issue at the discretion of the Clerk of Court as explained in Section (e).

## LCvR 4.1.1    SERVICE OF SUMMONS AND COMPLAINT

Service of the summons and complaint by electronic means is not permitted for purposes of obtaining personal jurisdiction.

## LCvR 4.2    PUBLICATION OF NOTICE BY THE UNITED STATES IN CIVIL FORFEITURE ACTIONS

In any civil judicial forfeiture case filed in this district, unless otherwise required by statute, rule, or specific order of this Court, the government may satisfy its requirement of publication of notice through the publication requirements of 21 U.S.C. § 853(n)(1) and Rules C(4) and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## LCvR 4.3    WAIVER OF SERVICE UPON CURRENT AND FORMER NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY EMPLOYEES IN CIVIL RIGHTS ACTIONS FILED BY NORTH CAROLINA STATE PRISONERS

        **(a)**    *Waiver of Service of Complaint and Summons*.  When the Court allows any portion of a state prisoner's civil rights case to proceed past initial review under 28 U.S.C. § 1915,

the Clerk of Court shall prepare and file requests for waiver of service for all remaining defendants who are current or former employees of the North Carolina Department of Public Safety ("NCDPS") and transmit electronic copies of the requests for waiver of service and the Complaint to an e-mail inbox designated by the NCDPS.  By 5:00 p.m. the following business day, an NCDPS employee shall acknowledge receipt of the transmission by a return e-mail.

(**b**)     ***Response to Requests for Waiver by the NCDPS***.  The NCDPS shall have sixty (60) days from the filing of the request for waiver of service to accept or refuse service of process upon the NCDPS employee.  The NCDPS must undertake a good-faith effort to further identify the named or intended defendants where needed and to procure defendants' signatures on the waivers of service.

(**c**)     ***Filing of the Waiver of Service***.  When the NCDPS has obtained a defendant's waiver of service, the NCDPS or the North Carolina Attorney General must file the waiver with the Court, under seal if necessary.

(**1**)     ***Time to Answer or Otherwise Respond Where Waiver Obtained and Filed***. Any defendant for whom a waiver of service has been filed shall have sixty (60) days from the date of the filing of the waiver to answer or otherwise respond to the Complaint.

(**2**)     ***Procedure Where Waiver Not Obtained and Filed***.  Where the NCDPS cannot procure a defendant's waiver of service for any reason, such as when a defendant is no longer an NCDPS employee, within the time provided by LCvR 4.3(b), the NCDPS or the North Carolina Attorney General must file a response that either provides the Court with the full name and last known address of the defendant, or informs the Court that no such address is available and describes the NCDPS's efforts to obtain the information.  The NCDPS or the Attorney General

may provide the information under seal if required by state or federal privacy laws, and the Court will disclose the information only to those engaged in providing service of process.

**Advisory Committee Notes**

*This Rule is a joint effort between this district and the North Carolina Attorney General and mirrors similar provisions in the Eastern District of North Carolina. It is designed to streamline service of process on current and former state employees in prisoner litigation, resulting in substantial savings to the taxpayer in U.S. Marshal Service fees and more rapid disposition of cases.*

**LCvR 5.2.1  ELECTRONIC FILING AUTHORIZED, FILING OF PAPERS, FILING OF REDACTED PLEADINGS, AND PRESENTING JUDGMENTS, ORDERS, AND COMMUNICATIONS TO JUDGES**

**(a)** ***Electronic Filing Authorized***. The Court will accept for filing documents submitted, signed, or verified by electronic means that comply with the Federal Rules of Civil Procedure, these Local Rules, and the "Administrative Procedures Governing Filing and Service by Electronic Means" (hereinafter "Administrative Procedures") adopted by this Court.

**(b)** ***Mandatory Electronic Filing***. All documents submitted for filing in this district must be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or by the assigned judge.

**(c)** ***Place of Conventional Filing, when Allowed***. ~~*Filing of Papers*~~. ~~All pleadings, motions, memoranda, orders, and judgments must be filed electronically with the Court~~. Where conventional filing is permitted by the Administrative Procedures or by the assigned judge, all papers may be filed in Asheville, Charlotte, or Statesville, regardless of the division in which the case is pending.

**(d)** ~~***Motion for Consolidation of Cases.*** A motion for consolidation shall be filed in~~

~~only one of the related cases with a notice of the motion being filed in the proposed member~~ ~~case(s).  Absent an order to the contrary, after consolidation, all further proceedings will be~~ ~~docketed and filed in the designated lead case only.~~

**(d)** ***Presenting Judgments, Orders, and Other Communications to Judges***.   As provided by the Administrative Procedures, parties may submit proposed orders, memoranda of decision, judgments, bills of costs, and other proposed documents for consideration and entry by the Court or the Clerk of Court electronically.   Such proposed documents may be submitted through Cyberclerk, or alternatively as attachments to a motion, brief, or notice that relates to the proposed relief sought.   In any event, such proposed documents must be served on all parties.

### Advisory Committee Notes

*The requirements for electronic filing in Sections (b) and (c) were redundant.  Section (c) now addresses the place of filing when conventional filing is permitted.  Section (d) has been renumbered to LCvR 42.1 as Fed. R. Civ. P. 42 governs consolidation.*

## LCvR 5.3   SERVICE BY ELECTRONIC MEANS

**(a)** ***Service by Electronic Means for Registered Users after Service of Process***.   Other than the document based upon which an action is commenced, registered users <u>having an ECF account</u> may serve all papers through the Court's Electronic Case Filing ("ECF") system.   Issuance of the "Notice of Electronic Filing" ("NEF"), which is automatically generated by ~~ECF the Court's electronic filing system~~, constitutes proof of service of the filed document upon all registered users unless the filing party learns that the attempted service was not successful. While the NEF constitutes proof of service, it is not a substitute for the Certificate of Service, which is still required, as discussed below.

**(b)** ***Conventional Service of and by Parties and Attorneys Exempt from Electronic Case Filing***.  Parties and attorneys who are not registered ECF users must be served conventionally in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this district's Administrative Procedures.

**(c)** ***Certificate of Service Required***.  A certificate of service must be included with all documents, including those filed electronically, indicating that service was or will be accomplished through the NEF for parties and counsel who are registered users and indicating how service was or will be accomplished as to non-registered users.

## LCvR 6.1    SEALED FILINGS AND PUBLIC ACCESS

**(a)** ***Scope of Rule***.  <u>To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed.</u>  This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making.  As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** ***Filing under Seal***.  No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** ***Motion to Seal or Otherwise Restrict Public Access***.  A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal."  The motion ~~or supporting brief~~ must set forth:

(1)     A non-confidential description of the material sought to be sealed;

(2)     A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

(3)     Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

(4)     Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

(d)     ***Filing of an Unredacted Copy Allowed***.  ~~If necessary, information deemed confidential by a party may be redacted from the filed motion or brief and an un-redacted version submitted under seal for *in camera* review.  Materials deemed confidential may be submitted under seal for *in camera* review via cyberclerk.~~ The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

(e)     ***Public Notice***.  No motion to seal or otherwise restrict public access shall be determined without reasonable public notice.  Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c).  Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.  Where the Court acts before the response, any party or non-party may move to unseal at any time.

(f)     ***Orders Sealing Documents***.  ~~Orders sealing or otherwise restricting access shall~~

~~reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such~~ ~~orders may be filed electronically or conventionally and may be redacted.~~ When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion.

(g) ***Filings Subsequent to Entry of an Order Sealing Documents***. After entry of an order permitting a filing under seal, materials filed pursuant to that order must be filed electronically with a non-confidential description of the materials filed.

(h) ***Motions to Unseal***. Nothing in this Rule limits the right of a party, intervenor, or non-party to file a motion to unseal material ~~at any time~~. Such motion must state why the material should be unsealed and any change in circumstances warranting unsealing.

(1) ***Case Closing***. ~~Unless otherwise ordered by a Court, any case file or documents under Court seal that have not previously been unsealed by the Court shall be unsealed at the time of final disposition of the case.~~ Unless permanent sealing was ordered by the Court, any sealed case file or documents may be subject to unsealing by the Court upon the closing of the case.

(2) ***Access to Sealed Documents***. ~~Unless otherwise ordered by the Court,~~ The Clerk of Court may provide access to documents and cases under Court seal only pursuant to Court order. ~~Unless otherwise ordered by the Court, the Clerk of Court shall make no copies of sealed cases files or documents.~~

(i) ***Impact on Designation of Confidential Materials***. Nothing in this Rule limits the

parties' ability, by agreement, to restrict access to discovery or other materials not filed with the Court or to submit motions pursuant to Fed. R. Civ. P. 26(c) for a protective order governing such materials.

## Advisory Committee Notes

*The Local Rules governing sealed filings have been reworked to ensure compliance with Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978) and its progeny, including In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). The language concerning the presumption under the common law and First Amendment was inserted in the text in light of Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989), which recognizes that the qualified common law right of access to judicial documents includes notice and opportunity to object to the sealing of public documents. The decision to seal documents must be made "after independent review by a judicial officer, and supported by findings and conclusions specific enough for appellate review." Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) (citation and corresponding quotation marks deleted).*

## LCvR 7.1  MOTIONS IN CIVIL CASES, BRIEF REQUIREMENTS, EXHIBIT NUMBERING, PAGE LIMITS, AND PROPOSED ORDERS

**(a)** ***Motions in Writing***.  Unless made during a hearing or trial, all motions must be written and filed as provided by LCvR 5.2.1 and must state with particularity the grounds for the motion and the relief or order sought.  Motions ordinarily will be ruled on without oral argument.

**(b)** ***Requirement of Consultation.*** ~~Any motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved.  The requirement of consultation also applies to motions for extension of time and to motions for continuance of a trial or other proceeding.  Consultation is not required where the moving party is represented and the non-moving party is unrepresented, or where the motion is for an extension of time to file a responsive pleading to a complaint, counterclaim, crossclaim, or any~~

~~other initial petition for relief.~~ <u>Civil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel.  A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied.  Consultation is not required for: (1) dispositive motions; (2) motions where the moving party is represented and the non-moving party is unrepresented; or (3) motions for an extension of time to file a responsive pleading to a complaint, counterclaim, crossclaim, or any other initial petition for relief.</u>

(c)     ***Requirement of Briefs***.  A brief must be filed contemporaneously with the motion, except no brief is required to support timely motions for <u>admissions *pro hac vice*</u>, extensions of time, continuances, or early discovery.  Supporting exhibits must be attached as appendices as specified in the Administrative Procedures.  Factual contentions must be supported as specifically as possible by citation to exhibit number and page.

(1)     ***Motions Contained in Initial Responsive Pleadings***.  Motions to dismiss in answers to complaints, replies to counterclaims, or answers to crossclaims are deemed ~~preserved~~ <u>to be made merely to preserve the issue and will not be addressed by the Court</u>.  A party seeking a decision on any preserved motion must file a separate motion and supporting brief.

(2)     ***Motions Not to Be Included in Responsive Briefs***.  Motions shall not be included in responsive briefs.  Each motion must be set forth as a separately filed pleading.

(3)     ***Exhibits Must Be Numbered and Filed as a Separate Attachment***.  All exhibits, and all pages within an exhibit, must be numbered before filing.  <u>Each exhibit must be filed as a separate attachment to the pleading it supports</u>.  Exhibits previously filed may be incorporated into any other pleading by reference to the docket entry, exhibit number, and page.

~~Each exhibit must be filed as a separate attachment to the pleading it supports.~~

**(d)** ***Page Limits, Fonts, and Spacing***.    Page limits, font sizes, spacing, and other formatting requirements are governed by the Standing Civil Order of the judge to whom the case is assigned <u>or in the Case Management Order entered in the particular matter</u>. Absent such requirements in the Standing Civil Order <u>or the Case Management Order</u> of the judge to whom the case is assigned, the page limit for any brief is 25 pages, the font size is a minimum of 12 point, lines are double-spaced, margins are one inch, and each page is numbered.

**(e)** ***Time Frames for the Filing of Responses to Motions and for Replies***. ~~Responses to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion.  A reply to the response to a motion, if any, shall be filed within seven (7) days of the date on which the response is served, as evidenced by the certificate of service attached to said response. The filing of a reply brief is not mandatory.  In any event, a reply brief should be limited to a discussion of matters newly raised in the response.  If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice.~~ <u>Responses to motions must be filed within fourteen (14) days of the date on which the motion is served.  A reply to the response to a motion, if any, must be filed within seven (7) days of the date on which the response is served.  A reply brief should be limited to a discussion of matters newly raised in the response. If the party making the motion does not wish to file a reply brief, the party must promptly inform the Court and opposing counsel in an electronically filed notice.  Surreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted.</u>

In an action seeking judicial review of a final administrative decision, the Court may enter

a Scheduling Order providing for the filing of cross motions for summary judgment or other relief with no responsive or reply briefs allowed. Examples of such actions include, but are not limited to, Social Security disability and Supplemental Security Insurance benefit actions and ERISA claims. Where a Scheduling Order is entered, the Scheduling Order preempts the briefing requirements in LCvR 7.1(e).

(f) ***Continuance Motions***. A motion seeking continuance of a hearing or trial must be filed promptly upon counsel learning of the need for same.

(g) ***Proposed Orders***. ~~Proposed orders must be submitted through cyberclerk and may also be submitted as attachments to a motion, brief, or notice that relates to the proposed relief sought. In any event, such proposed document must be served on all parties.~~ <u>Proposed orders are not required, unless otherwise ordered by the Court. If directed to provide a proposed order, parties must submit the order through Cyberclerk and serve the proposed order on all parties.</u>

(h) ***Electronic Format for Briefs, Motions, and Pleadings***. Briefs, motions, and pleadings must be filed in a PDF readable format, rather than an electronically copied format, whenever possible.

(i) ***Notice to Official Court Reporter for Certain Proceedings***. Where a party knows in advance that a transcript will be required of a hearing before a United States Magistrate Judge or other judicial officer (before whom proceedings are digitally recorded), the party must, before the hearing, notify the Official Court Reporter serving such judicial officer of the need.

(j) ***Citation of Supplemental Authority***. <u>If pertinent and significant authorities come to a party's attention after the party's final brief has been filed and before a decision has been rendered, a party must promptly advise the Court by filing a Notice of Supplemental Authority</u>

setting forth the citations to such authorities. The notice must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally, but shall not contain any further argument. The notice must not exceed two pages and any response must be made promptly and is similarly limited.

**Advisory Committee Notes**

*Changes to sections (a) through (i) of this Rule are not substantive. The language of these sections has been amended as part of a general restyling of the Local Rules to make them more easily understood and to make style and terminology consistent throughout the Rules. Section (j) is a new Rule intended to mirror FRAP 28(i), which provides the appellate procedure for noticing supplemental authority.*

## LCvR 7.2     SOCIAL SECURITY CASES

**(a)** The plaintiff must file a Motion for Summary Judgment and supporting Memorandum of Law on or before the date to be set in the Social Security Scheduling Order entered in the case.

**(b)** The plaintiff's Memorandum of Law must provide the following information and be organized as follows:

**(1)** *Summary of Case*. The first section of the Memorandum must, in no more than two pages, provide the following information: the medical condition(s) causing the claimed disability; the alleged onset date for the claimed disability; the name and specialty of the plaintiff's treating physician(s) and citations to the record pages of relevant evidence from such treating physician(s); the plaintiff's date of application for benefits; the specific type of benefits sought (e.g., Title II, Title XVI, Childhood); the date the plaintiff was last insured (if applicable); the plaintiff's age, level of education, and work history; the step of the sequential evaluation process

at which the ALJ denied the claim(s); citations to the record pages where the alleged errors of the ALJ are to be found; the identity of the physician where the plaintiff contends that the ALJ failed to give proper weight to such physician's opinion, identifying that physician's specialty and whether such physician was a treating, consulting, or reviewing physician, and providing citation to the record pages where such opinion is set forth; and the specific relief requested.

        **(2)**    ***Procedural History***.  The second section of the Memorandum must briefly set forth the case's procedural history.

        **(3)**    ***Standard of Review and Relevant Law***.  The third section of the Memorandum must set forth the standard of review and federal statutes, regulations, and case law relevant to the issues presented for review.

        **(4)**    ***Issues Presented***.  The fourth section of the Memorandum must succinctly list the issues presented for review, separately identifying and enumerating each alleged error of the ALJ.

        **(5)**    ***Argument***.  The fifth section of the Memorandum must set forth the plaintiff's arguments in separate subsections that address each issue and alleged error presented for review.

        **(6)**    ***Conclusion and Relief Requested***.  The final section of the Memorandum must set forth a brief conclusion and a statement of the specific relief requested.

    **(c)**    The Commissioner must file a Motion for Summary Judgment and supporting Memorandum of Law on or before the date set by the Social Security Scheduling Order entered in the case.

    **(d)**    The Commissioner's Memorandum of Law must provide the following information

and be organized as follows:

       **(1)** ***Summary of the Case***.  The first section of the Memorandum must, in no more than two pages, summarize why the plaintiff's appeal should be denied or otherwise summarize how the Commissioner applied the correct legal standards and how substantial evidence supports the Commissioner's decision.

       **(2)** ***Procedural History***.  The second section of the Memorandum must briefly set forth the case's procedural history.

       **(3)** ***Standard of Review and Relevant Law***.  The third section of the Memorandum must set forth the standard of review and federal statutes, regulations, and case law relevant to the issues presented for review.

       **(4)** ***Argument***.  The fourth section of the Memorandum must, *seriatim*, address the separate issues and arguments advanced by the plaintiff.

       **(5)** ***Conclusion and Relief Requested***.  The final section of the Memorandum must set forth a brief conclusion and statement of the specific relief requested.

    **(e)** The plaintiff shall be permitted one Reply brief to be filed fourteen (14) calendar days after the Commissioner has submitted its Motion for Summary Judgment and Memorandum of Law.  Such Reply shall be limited to five pages and may only address issues raised for the first time in the Commissioner's Motion and Memorandum.

    **(f)** The matter shall be decided on the cross Motions for Summary Judgment and the plaintiff's Reply (if applicable), supporting briefs, and review of the Administrative Record.  Oral arguments are not anticipated or allowed unless otherwise ordered by the Court.

    **(g)** If not specifically covered by this Rule, all briefs must comply with this Court's

Local Rules, including, but not limited to, the font size and page limitations in LCvR 7.1(d).

## Advisory Committee Notes

*This new Rule incorporates the interim rules governing Social Security cases put in place by way of a Standing Order, 3:13mc198. That Standing Order, in turn, was prompted by concern from the Civil Division of the USAO as to lack of uniformity in appeals, making it difficult for SAUSAs to discern the issues raised on appeal by claimants. In reducing the Standing Order to a Local Rule, the Local Rules Subcommittee has been faithful to the substance of the original order, but has attempted to restyle the language to make the Rules more easily understood by attorneys. The language has been further edited to make style and terminology consistent throughout the Rules.*

**LCvR 16.1    PRETRIAL CONFERENCES, INITIAL ATTORNEY'S CONFERENCE, JOINT STIPULATION OF CONSENT TO UNITED STATES MAGISTRATE JUDGE JURISDICTION, AND INITIAL PRETRIAL CONFERENCE**

(a)    ***Initial Attorney's Conference***.  As soon as practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (d) below), the parties or their counsel must confer as provided by Fed. R. Civ. P. 26(f) and conduct an "Initial Attorney's Conference" ("IAC").  Counsel must also discuss at the IAC each party's willingness to consent to jurisdiction of the United States Magistrate Judge.  See LCvR 73.1(c).  Where the parties believe the filing of an amended complaint or other amended initial pleading justifies changing the Scheduling Order, the parties must conduct a supplemental attorney's conference and file an appropriate motion with the Court.

(b)    ***Deadline for Filing the Certificate of Initial Attorney's Conference***.  Within seven (7) days of the IAC, the parties must file the Certificate of Initial Attorney's Conference which

must include a proposed discovery plan. The Certificate of Initial Attorney's Conference will serve as a guideline for the Court in issuing a Scheduling Order as provided by Fed. R. Civ. P. 16(b). Parties stipulating out of, or objecting to, the mandatory initial disclosure procedure under Fed. R. Civ. P. 26(a)(1) must so indicate in the discovery plan.

(c)     ***Filing of Joint Stipulation of Consent to United States Magistrate Judge Jurisdiction***.  Where all parties consent to the jurisdiction of a United States Magistrate Judge, the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge must be filed either with the Certificate of Initial Attorney's Conference as provided in LCvR 73.1(c), or within seven (7) days of the Court's ruling on a motion to stay.

(d)     ***Joinder of the Issues***.  For the limited purpose of these Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions. <u>Where a party files a motion to dismiss fewer than all claims and files an Answer as to the remaining claims, the Court in its discretion may consider issues joined.</u>

(e)     ***Joinder of the Issues and Outstanding Discovery in Removed or Transferred Cases***.

(1)     ***Procedure Where Issues Already Joined***.  In a removed or transferred case in which issues joined before removal or transfer, the parties must conduct an Initial Attorney's Conference ("IAC") in this district and file the Certificate of Initial Attorney's Conference within the time provided by Section (a). The time to do so is measured from the date the removed or

transferred action is filed in this district.

      **(2)**     ***Procedure Where Issues Not Previously Joined***. Where issues did not join before removal or transfer, Section (d) applies. ~~Outstanding discovery requests and previously entered Scheduling Orders are null and void with discovery not commencing or recommencing until entry of a new Scheduling order.~~ With the exception of consensual discovery and Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of a Scheduling Order in this district. Where non-Rule 26(d)(2) discovery requests remain outstanding or a Scheduling Order was entered by the transferor district, such obligations are stayed pending entry of a new Scheduling Order in this district. The parties must bring the need for a new Scheduling Order to the attention of the Court by filing a motion. This provision does not, however, affect the admissibility and use of evidentiary material produced before transfer or removal.

      **(f)**     ***Early Discovery***. ~~While the parties may engage in consensual discovery at any time, Court enforceable discovery does not commence until issues have joined and a Scheduling Order is entered.~~ The parties may engage in consensual discovery at any time. However, Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2). A party seeking early Court-enforceable discovery may file a motion for leave to take early discovery ~~therein showing good cause~~ stating the reasons therefor. No supporting memorandum is required.

      **(g)**     ***Initial Pretrial Conference***. The parties may request an Initial Pretrial Conference in the proposed discovery plan. Unless otherwise directed by a United States District Judge,

United States Magistrate Judges preside over Initial Pretrial Conferences. Counsel for all parties must personally appear unless the judicial officer conducting the conference allows them to appear by telephone. The Court will schedule the Initial Pretrial Conference within fourteen (14) days after receiving the proposed discovery plan, unless the judicial officer conducting the conference deems otherwise appropriate.

Unless otherwise directed by a United States District Judge, a United States Magistrate Judge will issue the Scheduling Order in each case and manage the pretrial activity through direct involvement in the establishment, supervision, and enforcement of the Scheduling Order and other applicable rules of procedure. . ~~Court-sanctioned discovery does not commence until issuance of the Scheduling Order.~~ Matters considered during the Initial Pretrial Conference may include, but are not limited to: consent to United States Magistrate Judge jurisdiction; discovery guidelines and deadlines; Rule 26 disclosures; interrogatories and requests for admission; maintenance of discovery material; video depositions; protective orders; motions deadlines; motions hearings; responses to motions; trial subpoenas; counsel's duties before trial; the trial date; proposed jury instructions; exhibits; mediation; and production of electronically stored information ("ESI").

### Advisory Committee Notes

*Changes to this Rule are intended to bring the Local Civil Rules into conformity with the 2015 Amendments to the Federal Rules of Civil Procedure. In Section (e), the Local Rules Civil Subcommittee conformed our Local Rules, which generally speak to Court-enforceable discovery not commencing until issues have joined and a scheduling order issued, to the provisions of the federal amendments which allow certain discovery requests to be served with the complaint. The Rule revises but retains language providing for consensual discovery at any time. The 2015 Amendment to Fed. R. Civ. P. 16(b)(3)(B)(V), which provides for first attempting to resolve discovery disputes by conference with the Court, has not been included in this provision, as the Federal Rule specifically directs that such requirement be placed in the Scheduling Order. The Local Rules Advisory Committee recommends that each judge place such a requirement in their respective Scheduling/Pretrial Orders.*

**LCvR 16.2      MEDIATION OR ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

(a)      ***Mandatory Mediated Settlement Conference***.  All parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court.  A mediated settlement conference is a pretrial, Court-ordered (by Local Rule) conference of the parties to a civil action and their representatives conducted by a mediator.  The procedure for the conference is provided in LCvR 16.3. The Court maintains a non-exclusive list of Court-approved mediators.

(b)      ***Cases Not Suitable For ADR***.  The rules for mandatory ADR do not apply to *habeas corpus* proceedings or other actions for extraordinary writs, appeals from rulings of administrative agencies, forfeitures of seized property, and bankruptcy appeals. The judicial officer may determine, either *sua sponte* or on a party's motion, that any other case is not suitable for ADR, in which case no ADR procedure will be ordered.

**LCvR 16.3      RULES APPLICABLE TO MEDIATION OR ADR**

(a)      ***Time for Proceeding***.  The Court favors the use of ADR, ordinarily in the form of a mediated settlement conference, for the efficient and orderly resolution of civil cases. Accordingly, in the Certificate of Initial Attorney's Conference, the parties must indicate their opinion(s) regarding the usefulness of ADR, the preferred method of ADR, and the most advantageous time to commence ADR.  If the parties fail to submit, or cannot agree on, a proposed ADR method, a mediated settlement conference will be selected as the default.  The presiding United States Magistrate Judge or other judicial officer will, in the Scheduling Order or an ADR Order issued shortly thereafter, select the ADR method and schedule the deadline for its

completion after considering counsel's responses in the Certificate of Initial Attorney's Conference.

**(b)** ***Rules for Proceeding***.  Upon entry of an ADR Order, the case shall proceed as follows:

**(1)** ***Rules Governing Mediation***.  If a mediated settlement conference is ordered, it shall be governed by the *Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions* promulgated by the North Carolina Supreme Court pursuant to N.C. Gen. Stat. § 7A-38.1 (the "Mediation Rules"), and by ~~the supplemental rules set forth herein~~ these Local Rules.

**(A)** ***Interpretation of State Court Terms***.  Where the Mediation Rules refer to "Senior Resident Superior Court Judge" and "Administrative Office of the Court," this shall mean "judicial officer" and "Clerk of Court" of the United States District Court, respectively.

**(B)** ***Appropriate Facilities***. Rule 3(a) of the Mediation Rules is modified to permit the mediated settlement conference to be held in a facility as agreed to by the parties or allowed by the Court.

**(2)** ***Rules Governing Alternative ADR Proceeding***.  If an alternative ADR procedure is ordered, the ADR proceeding shall be governed by ~~these Rules~~ <u>the Mediation Rules, these Local Rules</u>, and by such other procedural rules submitted by the parties and approved by the judicial officer.  In addition to rules regarding the actual proceeding, the rules submitted by the parties must include provisions setting a deadline for completion of the proceeding; the location of the proceeding; pre-proceeding submissions; and the method for selecting and compensating a mediator, evaluator, or other neutral person to preside over the proceeding.

(3)     ***Impact on Federal Law***.  Nothing in this Local Rule overrides the Federal Arbitration Act or any other provision of the United States Code.

(4)     ***Exceptions to Rules***.  The judicial officer may, either *sua sponte* or on a party's motion, permit exceptions or deviations from ~~these rules~~ the Mediation Rules or these Local Rules.

(c)     ***Supplemental Rules for Mediated Settlement Conferences***.  In addition to the Mediation Rules, the following Rules shall also apply to mediated settlement conferences in the Western District:

(1)     ***No Record Made***. ~~There shall be no record made of any proceedings under these rules.~~  No record shall be made of any ADR proceedings.

(2)     ***Attendance***.  All mediated settlement conferences must be conducted in person, unless leave is otherwise granted by the mediator.

(3)     ***Mediator's Report of Outcome***.  The mediator's report required by the Mediation Rules must be issued within seven (7) days of the conclusion of the Mediated Settlement Conference.  The mediator may submit the report on a report form provided by the Clerk of Court, or by using the mediator's own letterhead or individually developed mediation report form.  The mediator may file the report electronically or by conventional means.

(d)     ***Judicial Settlement Conference***.

(1)     ***Mandatory Consideration***.  The judicial officer to whom a case is assigned may, at any time, order the parties to participate in a settlement conference to be convened by the Court.  Any party may also request a judicial settlement conference.

(2)     ***Mandatory Attendance by Representatives with Full Authority to Effect***

*Settlement*.  A person with full authority to settle all pending claims must attend the settlement conference and, for purposes of this Rule, the "person with full authority to settle" shall not be the attorney.  ~~This rule does not apply to government attorneys and federal agency parties~~. Recognizing that governmental entities may not be able to comply with such requirement, government attorneys must bring as much binding authority to settle as is feasible under the circumstances.  Telephonic attendance by a representative with full settlement authority may be permitted by the Court on a case-by-case basis.

        **(3)**     ***Presiding Judicial Officer***.  Usually, any judicial officer of the district other than the judicial officer to whom the case is assigned for disposition may preside over a judicial settlement conference convened by the Court.  The judicial officer to whom the case is assigned for disposition may, in such judicial officer's discretion, preside over such conference.

## LCvR 16.4     *PRO SE* SETTLEMENT ASSISTANCE PROGRAM

        **(a)**     ***Purpose of the Program***.  The purpose of the *Pro Se* Settlement Assistance Program ("Program") is to assist the just, speedy, and inexpensive determination of civil actions and proceedings by providing civil *pro se* litigants with limited advice and representation at expedited settlement conferences.

        **(b)**     ***Scope of the Program***.  The Program is available for voluntary application to all civil cases in which any party appears *pro se*, except:

        **(1)**     Cases in which the *pro se* party is a prisoner or pretrial detainee;

        **(2)**     Cases filed under 28 U.S.C. § 2254 or § 2255;

        **(3)**     Bankruptcy appeals;

**(4)** Social Security cases;

**(5)** Appeals from rulings of administrative agencies; and

**(6)** Cases involving forfeitures of seized property.

Application to the Program is not intended to, does not, and may not be relied on to create any rights, substantive or procedural, enforceable at law by any party in any civil matter. Furthermore, application to the Program does not guarantee participation in the Program.

**(c)** ***Opt-In Notice Following Joinder of Issues***. Upon the joinder of issues within the meaning of LCvR 16.1, the Clerk's Office will send the *pro se* litigant a Notice of Availability of *Pro Se* Settlement Assistance Program ("Opt-In Notice") to inform the *pro se* litigant that the matter is eligible for the Program.

**(1)** The *pro se* litigant shall have fourteen (14) days from receipt of the Opt-In Notice to opt into the Program ("Opt-In Period") by marking the Opt-In Notice where indicated and returning it to the Clerk's Office. The deadline for conducting an Initial Attorney's Conference ("IAC") is tolled during the Opt-In Period. Requests for extension of the Opt-in Period are discouraged but may be considered on a case-by-case basis.

**(2)** If the *pro se* litigant either expressly opts out of the Program or does not respond to the Opt-In Notice within the Opt-In Period, the case will not be admitted into the Program and a regular IAC notice will be issued, advising the parties that an IAC must be conducted.

**(3)** If at any time the presiding judge finds in the judge's sole discretion that participation in the Program for a particular case will not serve the Program's purpose or that the Program is not appropriate under the circumstances of a particular case, the presiding judge will

notify the parties and a regular IAC notice will be issued, advising the parties that an IAC must be conducted.

      **(4)**     For all cases admitted into the Program, the parties and Court should follow the procedures set forth in the documents governing the *Pro Se* Settlement Assistance Program, found on the Court's website.

**Advisory Committee Notes**

*This new Rule incorporates the substantive provisions of the pilot Pro Se Settlement Assistance Program sponsored in part by the Western District Federal Bar Association.*

## LCvR 26.1    COMMENCEMENT OF DISCOVERY

~~Official Court-ordered and enforceable discovery does not commence until issuance of the Scheduling Order.  While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).~~

Subject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of the Scheduling Order.  While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).

**Advisory Committee Notes**

*Changes to this Rule are intended to bring the Local Civil Rules into conformity with the 2015 Amendments to the Federal Rules of Civil Procedure.  The revisions are made in tandem with those made to LCvR 16.1.*

## LCvR 26.2    DISCOVERY MATERIAL NOT TO BE FILED UNLESS ORDERED OR NEEDED

The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition.

Materials filed to support or oppose a motion or petition shall be labeled as an "Appendix" or "Attachment" thereto and shall be limited to those portions of the material directly necessary to support or oppose the motion or petition. All such materials must be served on other counsel or parties entitled to service of papers filed with the Clerk of Court as provided in the Administrative Procedures. The party taking a deposition or obtaining any material through discovery is responsible for preserving and delivering the material to the Court if needed or so ordered.

## LCvR 42.1    MOTION FOR CONSOLIDATION OF CASES

A motion for consolidation shall be filed in only one of the related cases with a notice of the motion being filed in the proposed member case(s). Absent an order to the contrary, after consolidation, all further proceedings will be docketed and filed in the designated lead case only.

### Advisory Committee Notes

*This Rule was relocated from former LCvR 5.2.1(d) to better correspond with the Federal Rule governing consolidation.*

## LCvR 45.1    PRODUCTION OF SUBPOENAED MATERIAL BY CERTAIN NON-PARTIES, CUSTODIANS OF RECORDS

**(a)**	*Custodians of Public Records*.  Where a subpoena commands any custodian of public records to appear for the sole purpose of producing certain records in their custody, the custodian may, in lieu of a personal appearance, tender to the Clerk of Court, by registered mail or personal delivery, certified copies of the records requested, on or before the date and time specified in the subpoena, together with a copy of the subpoena and an affidavit by the custodian as to the authentication of the record tendered or, if no such records are in their custody, an affidavit to that effect.

**(b)**	*Custodians of Medical Records*.  Where a subpoena commands the custodian of medical records to appear for the sole purpose of producing certain records in their custody, the custodian subpoenaed may, in lieu of a personal appearance, tender to the Clerk of Court, by certified mail or personal delivery, certified copies of the records requested, on or before the time specified in the subpoena, together with a copy of the subpoena and an affidavit by the custodian testifying to the identity and authenticity of the records, that they are true and correct copies, and as appropriate, that the records were made and kept in the regular course of business at or near the time of the acts, conditions, or events recorded, and that they were made by persons having knowledge of the information set forth; or if no such records are in their custody, an affidavit to that effect.  When the copies of medical records are personally delivered, a receipt shall be obtained from the person receiving the records.

**(c)**	*Admissibility and Format*.  Any original or certified copy of any public or medical records, or affidavit, delivered according to the provisions of this Rule shall not be held inadmissible in any action or proceeding on the grounds that it lacks certification, identification,

or authentication, and it shall be received as evidence if otherwise admissible. Any data maintained in electronic format should, if readily retrievable, be submitted in electronic format ~~preferably on a compact disc~~. Certification of copies of such electronically provided records may be accomplished by appropriate affidavit in the same manner as described in the preceding paragraphs.

(d) ***Protection of Privacy***. The copies of public or medical records so tendered may not be inspected or copied by any persons, except the parties and their attorneys, unless ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communications under law to be disclosed.

Unless the underlying subpoena for medical records is accompanied by the patient's written consent, the materials submitted to the Court in response thereto shall not be disclosed to anyone, including the parties and their attorneys, except upon judicial finding that disclosure is necessary to the proper administration of justice.

(e) ***Duties of the Clerk of Court***. The Clerk of Court will sign or mark as "Received" a receipt if such is tendered by the subpoenaed party. The Clerk of Court has no duty to generate a receipt or mail a receipt back to the responding party unless a receipt and self-addressed stamped envelope is provided. The Clerk of Court will not file, scan, or otherwise make the proffer part of the official record unless instructed to do so by a judge of the Court. Upon presentation to the Court, the Clerk of Court must stamp the first page or cover sheet of any such material as "Received," and place the materials in an official Court envelope or other container indicating that the materials are sealed. The Clerk of Court must bring such filing to the Court's attention at an

appropriate time in the proceedings.

Unless such materials are made part of the record, the Clerk of Court may destroy the materials within a reasonable time after the case is closed and appeals are exhausted. Originals may be returned to the custodian if arrangements are made with the Clerk of Court at the time of tender.

## LCvR 45.2    NOTICE OF DOCUMENT SUBPOENA TO NON-PARTY

A notice of the issuance of a document subpoena to a non-party and a copy of the subpoena, as required by Fed. R. Civ. P. 45(a)(4), shall be served on all other parties at least three (3) calendar days before the date on which the subpoena is served on the non-party. This notice period may be altered by agreement of the parties or order of the Court.

### Advisory Committee Notes

*This new Rule is intended to avoid surprise and allow opposing counsel an opportunity to move to quash non-party subpoenas before they are served, resulting in more cost-effective litigation. Fed. R. Civ. P. 45(a)(4), while requiring notice, does not provide a specific time frame for serving the notice, resulting in some cases of nearly simultaneous service of opposing counsel and the third-party custodian of documents. The Local Rule provides that such notice be served on other parties at least three days before service of the subpoena.*

## LCvR 47.1    CONTACT WITH JURORS BEFORE TRIAL AND DURING VOIR DIRE

(a)    *Juror Information*.

(1)    *Disclosure to Case Participants*.  When jurors are drawn for a term of Court, counsel of record is entitled to a copy of the list of potential jurors. (The list of potential jurors shall not include the street address of any juror).  If questionnaires are used, the responses to the questionnaires will also be made available to counsel.  Depending on the needs of the case,

such disclosure shall be made when deemed appropriate by the Court. *Pro se* parties may apply to the Court for similar pretrial access.

(2) ***Disclosure of Names of Jurors***. Names of prospective and sitting petit jurors shall not be disclosed to members of the Bar, media, or public outside open Court, except upon Court order. A request for disclosure shall be made to the presiding judge.

(b) ***Pretrial Contact With Potential Jurors Prohibited***. No attorney or party to an action, or persons acting on their behalf, shall contact any potential juror, either directly or through any member of his or her immediate family, in an effort to secure information concerning his or her background.

(c) ***Voir Dire***. Ordinarily, in the interest of time, the Court will conduct the examination of prospective jurors, but may permit counsel to do so. If the Court conducts the examination, counsel or *pro se* parties may suggest additional questions.

(d) ***Contact with Jurors during or after Trial***. No attorney or party to an action, or persons acting on their behalf, shall personally or through their designees, directly or indirectly, interview, examine or question, or communicate in any way with, any juror, relative, friend, or associate thereof during the trial, or with respect to the deliberations or verdict of the jury in any action, except on leave of the presiding judge upon good cause shown. Incidental contacts with jurors during a trial, such as the exchange of pleasantries, are likely due to close confines of the courthouse and do not violate this Rule. Contacts of substance, however, should be promptly reported by the attorney or *pro se* party to the presiding judge outside the hearing of the jury.

## LCvR 54.1    TAXATION OF COSTS OTHER THAN ATTORNEY FEES

(a)    ***Filing Bill of Costs***.   A prevailing party may request the Clerk of Court to tax allowable costs, other than attorney fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs on a form available from the Clerk of Court, within thirty (30) days after:

(1)    The expiration of time allowed for appeal of a final judgment or decree; or

(2)    Receipt by the Clerk of Court of the mandate or other order terminating the action on appeal.

(b)    ***Electronic Filing of the Bill of Costs***.   The original bill of costs must be filed electronically with the Clerk of Court, with copies served on adverse parties *via* Notice of Electronic Filing or mail as set forth in these Local Rules and by the Administrative Procedures.

(c)    ***Failure to File***.   The failure of a prevailing party to timely file a bill of costs constitutes a waiver of any claim for costs.

(d)    ***Objections to Bill of Costs***.   If an adverse party objects to the bill of costs or any item claimed by a prevailing party, that party may file an objection to the bill of costs with supporting brief within fourteen (14) days after the electronic filing of the bill of costs.  Within seven (7) days thereafter, the prevailing party may electronically file a response with brief to any filed objections.  Unless a hearing is ordered by the Clerk of Court, a ruling will be made by the Clerk of Court on the record.

(e)    ***Objections to the Ruling of the Clerk of Court***.   A party may request review of the Clerk of Court's ruling by electronically filing a motion within seven (7) days after entry of the Clerk of Court's order.  The Court's review of the Clerk of Court's action will be made on the

existing record unless otherwise ordered.

(f)     ***Taxable Costs***.  Items normally taxed include:

(1)     Those items specifically listed on the bill of costs form.  The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition;

(2)     Premiums on required bonds;

(3)     Actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district;

(4)     One copy of the trial transcript for each party represented by separate counsel;

(5)     Costs associated with private process servers;

(6)     Fees for service of summons, subpoena, and notices by private firms; and

(7)     Costs of the original videotape of a deposition and the appearance fee of a videographer in lieu of the costs of a transcript of the deposition.

(g)     ***Non-Taxable Costs***.  Items normally not taxed include~~, without limitation~~:

(1)     Multiple copies of depositions;

(2)     <u>daily, expedited, real time, or hourly</u> copies of ~~trial~~ transcripts, unless prior Court approval has been obtained;

(3)     ~~copies of documents filed electronically~~ Attorney fees and attorney travel expenses;

37

(4)     Costs of shipping/mailing transcripts;

(5)     Costs for computer-aided legal research including paralegal charges and computerized indices or optical discs produced for counsel's benefit;

(6)     Costs associated with mediation;

(7)     Copy costs for any documents filed or served in electronic format;

(8)     *Pro hac vice* fees;

(9)     Costs for extraction and/or electronic configuration of data (e-mails) for the convenience of counsel absent any agreement among the parties pertaining to these costs;

(10)    Costs associated with condensing a transcript, putting transcripts on a diskette, or providing E-transcripts in addition to counsel receiving the original transcript;

**(11)**    Expert or witness hourly or appearance or consultation fees for attending a deposition, hearing, or trial other than that authorized by statute or Court order;

**(12)**    Travel time for expert or witnesses other than that authorized by statute or Court order;

**(13)**    Costs associated with videoconferences of meetings, conferences, or depositions other than the direct cost of the original videotape/electronic record of a deposition and the appearance fee of a videographer in lieu of the costs of a transcript of the deposition; and

**(14)**    Fees associated with researching potential jurors.

(h)     ***Costs in Settlements***.  The ~~Court~~ Clerk of Court will not tax costs in any action terminated by compromise or settlement.  Settlement agreements must resolve any issue relating to costs.  In the absence of specific agreement, each party bears its own costs.

(i)     ***Payment of Costs***.  Costs are to be paid directly to the party entitled to

reimbursement, not to the Clerk of Court.

## LCvR 67.1    REGISTRY FUNDS

(a)    ~~*Deposit with the Treasury.*  All registry funds less than $5,000.00 shall be placed in the Treasury of the United States where they earn no interest unless otherwise specifically ordered by the Court.~~

~~(b)    *Investment in Income-Earning Account.*  The Clerk of Court shall invest all registry funds in the amount of $5,000.00 or more in an income-earning account which will be the *Court Registry Investment System.*~~

~~(1)    *Proposed Order.*  A person requesting disbursement must submit a proposed Order in accordance with LCvR 5.2(G) to disburse any registry funds, which must contain the following information:~~

~~(A)    the amount to be disbursed;~~

~~(B)    the name, address, and tax identification number of the designated beneficiary or beneficiaries; and~~

~~(C)    such other information that may be deemed appropriate under the facts and circumstances of the particular case.~~

~~(2)    *Service Fee.*  A service fee shall be charged by the Clerk of Court for the investment of registry funds.~~

~~(c)    *Interest on Registry Funds - "Settlement Funds."*  Funds invested with the Court for the purpose of settlement are subject to additional rules under 26 U.S.C. § 468B.  To comply with the requirements found in Section 468B, the proposed Order required above must also contain~~

the following information:

(1) that the deposit is identified as a "settlement fund";

(2) that liability is resolved by the settlement agreement as described in 26 U.S.C. §468B or 26 C.F.R. §1.468B-1(c); and

(3) designation of a person outside the Court as the administrator responsible for obtaining the employer identification number for the fund, filing all fiduciary tax returns, and paying any tax.

**(a)** ***Court Registry Investment System***.  In accordance with Internal Revenue Service ("IRS") regulations, the Court has in place a Court Registry Investment System ("CRIS").  In compliance with those regulations, the following Rules govern the deposit, investment, and withdrawal of funds deposited into CRIS.

**(b)** ***When Deposits Permitted***.  No funds shall be submitted to the Clerk of Court for deposit without the depositor first obtaining an order by a judge in the case or proceeding permitting such deposit.

**(c)** ***Manner of Making Deposit***.  When making a deposit or transferring funds to CRIS, the depositor must serve the Clerk of Court and the Court's Financial Section with a copy of the order allowing such deposit.

**(d)** ***Duties of the Clerk of Court***.  Unless otherwise provided in this Rule, the Clerk of Court must, in turn, deposit funds received with the Treasurer of the United States in the name and to the credit of this Court through depositories designed by the Treasury to accept such deposits, all in accordance with 28 U.S.C. § 2041.

**(1)** ***Placement in Interest-bearing Accounts or Instruments***.  When by Court

order made in accordance with Fed. R. Civ. P. 67, funds are directed to be placed in an interest-bearing account or invested in a Court-approved, interest-bearing instrument, the Clerk of Court satisfies the order by placing the funds into CRIS, which is administered by the Administrative Office of the United States Courts ("AO"). CRIS is the only investment or interest-bearing account mechanism authorized.

(2) ***Placement of Interpleader Funds***. When deposited in accordance with 28 U.S.C. § 1335, interpleader funds are deemed Disputed Ownership Funds ("DOF") in accordance with the applicable IRS definition. Unless the Court orders otherwise, the Clerk of Court must deposit interpleader funds in the DOF account established within CRIS. Because the AO administers CRIS, the AO is responsible for meeting all DOF tax administration requirements.

**(e)** ***Duties of the Administrative Office***. The Director of the AO is designated as the Custodian for all CRIS funds, and the Director and/or his or her designee shall perform the duties of Custodian. Funds held in CRIS remain subject to this Court's control and jurisdiction.

(1) ***Investment of CRIS funds***. Funds deposited in CRIS shall be pooled with other CRIS funds on deposit with the Treasury from other courts and in other cases and used to purchase Government Account Series securities through the Bureau of Public Debt. Such securities shall be held by the Treasury in an account in the name and to the credit of the Custodian. Pooled funds shall be invested in accordance with the principles of the CRIS Investment Policy as approved by the Registry Monitoring Group.

(2) ***Creation of Accounts for Deposited Funds***. For each case giving rise to a deposit invested in pooled funds, an account will be established in that case's name. Income generated from the investments of pooled funds shall be distributed to each account based on the

ratio of each account's principal and earnings to the aggregate principal and income total in the fund after applying the CRIS fee. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and distributed to each court participating in the CRIS and made available to litigants and/or their counsel.

(3) *Creation of Accounts for DOF Funds*. For each interpleader case, an account shall be established in the CRIS DOF in that case's name. Income generated from the investment of DOF funds will be distributed to each account after the DOF fee has been applied and tax withholdings have been deducted. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and made available through the FedInvest/CMS application to each court participating in the CRIS and made available to litigants and/or their counsel. On appointment of an Administrator authorized to incur expenses on behalf of the DOF in a case, the case DOF funds should be transferred to another investment account as directed by Court order.

(f) *Court Authorization of the Custodian*. The Court authorizes the Custodian, as follows:

(1) *Deduction of CRIS Fee*. For management of the investments in CRIS, the Custodian is authorized and directed to deduct the CRIS fee, which shall be comprised of an annualized ten (10) basis points on assets on deposit for all CRIS funds, excluding the case funds held in the DOF. In accordance with the Miscellaneous Fee Schedule, the CRIS fee is assessed from interest earnings of the pool before a pro rata distribution of earnings is made to court cases.

(2) *Deduction of DOF Fee*. For management of the investments and tax administration in the DOF funds, the Custodian is authorized and directed to deduct the CRIS fee,

which shall be comprised of an annualized ten (10) basis points on assets on deposit for all CRIS funds, excluding the case funds held in the DOF. In accordance with the Miscellaneous Fee Schedule, the CRIS fee is assessed from interest earnings of the pool before a *pro rata* distribution of earnings is made to court cases. The Custodian is also authorized and directed to withhold and pay federal taxes due on behalf of the DOF.

(g) ***Additional Provisions***. The following additional provisions apply to Registry Funds.

(1) ***Existing Investments***. The Clerk of Court shall deposit all existing investments into the CRIS account. Deposits to the CRIS DOF will not be transferred from any existing CRIS funds. Only new deposits made pursuant to 28 U.S.C. § 1335 on or after December 1, 2016, will be placed in the CRIS DOF.

(2) ***Opting Out of CRIS***. Parties not wishing to have funds placed in the CRIS fund may seek Court approval by filing a motion to have the funds transferred to or deposited with the litigants or their designee; however, all funds on deposit with the Court shall be placed in the proper CRIS fund.

(3) ***Abrogation of Prior Orders and Rules***. This Rule, along with the underlying Order (3:16mc205), abrogates all prior orders of this Court regarding deposit and investment of registry funds.

**Advisory Committee Notes**

*Changes to this Rule are consistent with the Court's interim Standing Order applicable to the Western District's Registry Investment System Fund, In re Money Deposited into the Court Registry Fund, 3:16mc205. The substantial revisions to this Rule are in compliance with Internal Revenue Service Regulations, which appear designed to ensure proper tax administration of, among other things, funds management in a Disputed Ownership Fund.*

**LCvR 72.1** **AUTHORITY OF UNITED STATES MAGISTRATE JUDGES IN CIVIL MATTERS, <u>STANDING ORDERS OF REFERENCE</u>**

(a) *United States Magistrate Judges are Authorized and Designated to Exercise the Following Functions and Duties Regarding Civil Actions in this district:*

(1) To perform the duties prescribed in 28 U.S.C. § 636(a);

(2) To hear and decide non-dispositive procedural or discovery motions and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A);

(3) To hear any dispositive motions involving cases in which the parties have not consented to jurisdiction of the United States Magistrate Judge, and thereafter to submit to the United States District Judge proposed findings of fact and recommendations for disposition of such motions, as provided by 28 U.S.C. § 636(b)(1)(B);

(4) To make a final determination on any dispositive motion in a case wherein the parties have consented to the jurisdiction of the United States Magistrate Judge, subject to right of appeal to the United States Court of Appeals for the Fourth Circuit;

(5) To serve as a special master in appropriate civil cases in accordance with 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53;

(6) Upon the consent of all parties, to conduct jury *voir dire* in civil cases when designated by the United States District Judge to do so on a case-by-case basis;

(7) To accept petit jury verdicts in civil cases in the absence of a United States District Judge;

(8) Upon the consent of all parties, to conduct the trial and order entry of

judgment, as authorized by 28 U.S.C. § 636(c);

**(9)** To issue orders or warrants authorizing acts necessary in the performance of the duties of administrative and regulatory agencies and departments of the United States government pursuant to 28 U.S.C. § 636(b)(3);

**(10)** To conduct proceedings of the Court under the Federal Debt Collection Procedures Act, consistent with the Constitution and the laws of the United States as authorized by 28 U.S.C. § 3008; and

**(11)** To perform any additional duties consistent with the Constitution or the laws of the United States, as shall be assigned or delegated by the district court.

**(b)** ***Standing Orders of Reference***. In addition to the above paragraph, a United States District Judge may enter a Standing Order of Reference concerning the extent to which such judge's matters are referred to United States Magistrate Judges.

~~**(c)** ***Objections and Responses to a Memorandum and Recommendation***. Any objections to a Memorandum and Recommendation issued by a United States Magistrate Judge or responses to objections must be filed within the time frames provided in 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). An additional three (3) days shall be added to the prescribed periods for the filing of objections or responses pursuant to Fed. R. Civ. P. 6(d).~~

## LCvR 73.1    TRIAL BY CONSENT BEFORE A UNITED STATES MAGISTRATE JUDGE, INITIAL ASSIGNMENT OF CASES, DUTY OF PARTIES, AND FAILURE TO FILE THE JOINT STIPULATION

**(a)** ***Initial Assignment of Cases***. All cases shall be initially assigned to a United States District Judge.

**(b)**    ***Duties of the Proponent of the Litigation***.  The plaintiff or the removing party in a removal action must serve the Case Assignment Notice, the Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge form on all parties with the complaint or notice of removal.

**(c)**    ***Duty of All Parties***.  The parties or their counsel may consent to United States Magistrate Judge jurisdiction at any time.  The parties or their counsel must discuss the issue of consent to the jurisdiction of a United States Magistrate Judge as part of their Initial Attorney's Conference (Fed. R. Civ. P. 26(f) Conference) and certify such within the Certificate of Initial Attorney's Conference.  If all parties consent, the executed Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge form must be filed electronically.  The completed form must be returned by the deadline established in LCvR 16.1(c).

**(d)**    ***Failure to File the Joint Stipulation***.  Where the Joint Stipulation is not filed within the time provided, such failure is presumed to be a declination of consent.

**(e)**    ***Consents after the Deadline***.  Where the parties wish to consent after such deadline, the presumption of declination may be overcome by the filing of the Joint Stipulation and approval of the reassignment by the United States District Judge to whom the case is assigned.

**(f)**    ***Addition of Parties***.  When the initial parties to an action consent and additional parties are joined during litigation, the plaintiff or removing party must provide such parties with the documents specified in Section (b).  The new party must inform the Clerk of Court, <u>in a notice accompanying its</u> first responsive pleading, whether the party consents to the United States Magistrate Judge's jurisdiction.  Such <u>notice of</u> election must be communicated to the Clerk of

Court and not disclosed to the Court. ~~For the purpose of this rule, any pleading filed by the new party, including a motion to dismiss, shall be deemed its first responsive pleading~~.

**(g)** ***Cases Transferred From Another Federal Judicial District***. When a case is transferred into this district from another federal judicial district, the Clerk of Court shall send all parties the information required by this Rule and establish an appropriate deadline for the completion and electronic filing of the consent of the newly added parties. The procedures specified in Sections (a) through (f) otherwise apply to cases transferred from another federal district.

## LCvR 77.1     ORDERS AND JUDGMENTS THE CLERK OF COURT MAY GRANT

Pursuant to Fed. R. Civ. P. 77(c), the Clerk of Court, or any authorized Deputy Clerk within the district, may grant and enter the following orders and judgments without further direction by the Court, although the Court may suspend, alter, or rescind the orders and judgments for good cause shown:

~~(1)     orders directing inmates to file sworn statements showing exhaustion of administrative remedies through the North Carolina Department of Public Safety pursuant to 42 U.S.C. § 1997(e);~~

**(1)**     orders directing inmates and the correctional facility in which the inmate is housed to file a copy of the inmate's trust fund account statement (or institutional equivalent) pursuant to 28 U.S.C. §195; and

**(2)**     orders waiving the filing fee or directing the inmate to pay a partial filing fee pursuant to Section 804 of the Prison Litigation Reform Act of 1995. These orders may also

include directing the correctional facility where the inmate is incarcerated to deduct monthly payments from the inmate's trust fund account and forward payment to the Clerk of Court.

### LCvR 79.1 PRESENTATION, CUSTODY, AND DISPOSITION OF EVIDENCE, MODELS, EXHIBITS, AND DEPOSITIONS

(a) *Presentation of Evidence*. Evidence must be presented in electronic format through use of the presentation technology available in the courtroom to display evidence to the jury and the Court. Requirements for courtroom technology training and the format of exhibits can be found on the district court's website at www.ncwd.uscourts.gov.

(b) *Custody with Clerk of Court*. Unless otherwise directed by the Court, or except as provided in Section (c), all trial exhibits admitted into evidence in criminal and civil actions shall be placed in the custody of the Clerk of Court. See Standing Orders.

(c) *Custody with the Offering Party*. All exhibits shall be retained in the custody of the party offering them, subject to the orders of the Court. Exhibits presented in electronic format will be available for transmission to the Court of Appeals as part of a record on appeal. Any physical evidence presented during a Court proceeding shall remain in the offering party's custody, including, but not limited to, the following types of bulky or sensitive exhibits: narcotics and other controlled substances; firearms; ammunition; explosive devices; jewelry; liquor; poisonous or dangerous chemicals; money or articles of high monetary value; counterfeit currency; biological hazards; and documents or physical exhibits of unusual bulk or weight.

At the end of a trial or proceedings, the party offering the exhibits must retain custody and preserve them in their condition as of the time admitted until any appeal is resolved or the time for

appeal has expired. The party retaining custody must make the exhibits available to opposing counsel for use in preparing an appeal and shall also be responsible for their safe transmission to the appellate court, if required.

(d) ***Disposition of Exhibits, Sealed Documents, and Filed Depositions by Clerk of Court***. Any exhibit, sealed document, or filed deposition in the Clerk of Court's custody more than thirty (30) days after (1) the time for appeal, if any, has expired or (2) an appeal has been decided and mandate received, may be returned to the parties or destroyed by the Clerk of Court. The unsealing of sealed documents is governed by LCvR 6.1.

(e) ***Depositions***. Depositions read into the Court record are considered exhibits for which the parties are responsible as provided in Section (c). Depositions admitted into evidence but not read into the record shall be retained in the Clerk of Court's custody and disposed of as authorized in Section (d).

## LCvR 83.1 ATTORNEY ADMISSION AND ELIGIBILITY, ESTABLISHMENT OF AN ECF ACCOUNT BEFORE ADMISSION, DEFINITIONS OF TYPES OF ADMISSIONS

(a) ***Eligibility for Regular Admission***. Any attorney who is a member in good standing of the North Carolina State Bar is eligible for admission to practice before this Court upon motion of a member of the Bar of this Court, which admission shall be granted as a matter of course upon payment of all admission fees and taking the prescribed oath. Attorneys already admitted to the Bars of either the United States District Court for the Eastern District of North Carolina or the United States District Court for the Middle District of North Carolina may be admitted to the Bar of this Court upon tendering the application and fees required by this Rule, together with a copy

of the Order or Certificate of Admission admitting the attorney to practice in either of the aforementioned districts.

Counsel representing governmental or tribal agencies who are members in good standing of the Bar of a United States District Court, the Bar of the highest court of any state, or the District of Columbia, are neither required to associate local counsel nor required to pay an attorney admission fee. By making an appearance, such attorney agrees to abide by the Local Rules, the North Carolina Rules of Professional Conduct, and to submit themselves to this Court for the enforcement of such rules.

 **(b)** *Other Types of Admissions*. In addition to regular admission, an attorney may be admitted to practice before the Bar of this Court under the following types of admission:

 **(1)** *Pro Hac Vice Admissions*. A *pro hac vice* admission is defined as an admission to the Bar of this Court in a particular case by an attorney who is a member in good standing of the Bar of a United States District Court, the Bar of the highest court of any state, or the District of Columbia Bar. Such candidate must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court.

 **(2)** *Special Admissions*. A special admission is defined as a conditional admission to the Bar of this Court in a particular case without association of local counsel.

 **(3)** *Nunc Pro Tunc Admissions*. A *nunc pro tunc* admission is defined as retroactive admission to the Bar of this Court. A *nunc pro tunc* admission is normally allowed at the time of a hearing or trial on behalf of an attorney who failed to be admitted to this Bar by regular, special, or *pro hac vice* admission. *Nunc pro tunc* admission is only temporary admission and must be followed up by seeking admission in one of the manners set forth above.

(c) **Procedures and Forms Applicable to Special, Pro Hac Vice, and Nunc Pro Tunc Admissions**.

(1) Special, *pro hac vice*, and *nunc pro tunc* admissions are discretionary and additional requirements or expectations for such admissions may be found in the Standing Civil Order of the judge to whom the case is assigned.

(2) A motion seeking admission under this Rule must be submitted to the Court upon the forms prescribed by this Court:

(A) The motion must be filed electronically by local counsel, who must be registered to file electronically;

(B) The motion must include the e-mail address of the attorney seeking admission; and

(C) The motion must be accompanied by a District Application Fee plus the National Admission Fee established by the Judicial Conference of the United States.

(3) Upon admission by the Court, the *pro hac vice* or special admission attorney will be added to the docket and will receive only electronic notices from the Clerk of Court.

(4) The Clerk of Court may permit the pre-admission filing of papers at the request of non-admitted counsel where justice requires; provided, however, further participation of such counsel is subject to compliance with this Court's admission practices.

(d) **An ECF Account Must Be Established After Admission**. Any attorney admitted to practice before this Court must establish an ECF account with the Clerk of Court before filing any documents or cases in this district. To establish an ECF account, an attorney must complete ECF training in this district or certify that they have completed training in another federal district.

**(e)** *ECF Requirements Where a Party is Represented by Multiple Attorneys*. Each attorney appearing of record in any matter must file an individual entry or notice of appearance using the attorney's ECF User ID issued upon establishment of the ECF account. For example, where multiple attorneys, either in the same firm or different firms, represent a party, each attorney must file an individual notice of appearance, using the attorney's own User ID to receive electronic notification of future filings. The electronic filing system does not "read" the names of the attorneys who sign a document, but only notes the appearance of attorney(s) whose ECF passwords are used to file the document.

**(f)** *Withdrawal of Counsel*. In support of a motion, counsel seeking to withdraw must electronically file written consent of their client to their withdrawal, which shall become effective only upon Court approval. Absent the client's consent, withdrawal may be obtained by electronically filing a motion to withdraw, showing good cause for the withdrawal. The motion must include the client's last known address.

**(g)** *Substitution of Counsel*. Substitution of counsel is accomplished automatically when the new attorney files a "Notice of Substitution of Counsel," which automatically terminates previous counsel and substitutes the new attorney as counsel of record.

**(h)** *Law Student Practice Rule*.

**(1)** *Generally*. Law students may participate as counsel in civil and criminal cases in this Court subject to compliance with the requirements set forth in this Rule. The judicial officer considering the admission of any student may, however, make such exceptions to this Rule as the judicial officer deems just and equitable.

**(2)** *Student Eligibility*. An eligible student must:

**(A)** Be duly enrolled in an accredited, provisionally accredited, or approved law school;

**(B)** Have completed at least half the required credit hours for a *juris doctor* degree;

**(C)** Have a working knowledge of all applicable court rules, including but not limited to the Federal Rules of Civil and/or Criminal Procedure; the Federal Rules of Evidence; the North Carolina Rules of Professional Conduct; and this Court's Local Rules;

**(D)** Be supervised by a supervising attorney, as defined herein;

**(E)** Be certified by the dean of the law school (or the dean's designee) where the student is enrolled, as:

    **(i)** Being of good character;

    **(ii)** Possessing a sufficient legal ability; and

    **(iii)** Having been adequately trained to fulfill the responsibilities to both the client and the Court;

**(F)** Be certified by the Court to practice pursuant to this Rule;

**(G)** Decline personal compensation for legal services performed in this Court from a client or any other source, except that the student may receive a stipend from a law firm or other employer through an internship or clerkship program that is not contingent on services provided to a client in this Court; and

**(H)** Have completed ECF training in this district, or certify that they have completed training in another federal district.

**(3)** ***Supervising Attorney Eligibility and Responsibilities***. A supervising

attorney must:

> **(A)** Be a member of the Bar of this Court;

> **(B)** Have established an ECF account before seeking admission of the student; and

> **(C)** Have at least two years' experience as a member of the Bar of this Court, or

>> **(i)** Maintain faculty, adjunct faculty, or fellowship status at a law school where part of the supervisor's duties includes supervising students in a clinical program; or

>> **(ii)** Have substantial similar experience as an attorney employed by the United States Department of Justice, the United States Attorney for the Western District of North Carolina, the Office of the Federal Defender for the Western District of North Carolina, the North Carolina Attorney General, or a tribal counsel for the Eastern Band of Cherokee Indians;

> **(D)** Be certified by the Court as having demonstrated the ability to supervise students;

> **(E)** Be present with the student at all times while they are in court, and at other proceedings in which testimony is taken;

> **(F)** Co-sign all pleadings or other documents filed with the Court;

> **(G)** Assume full personal and professional responsibility for a student's guidance, any work undertaken, and the student's work quality, and be available for consultation with represented clients;

> **(H)** Assist and counsel the student in the "activities" discussed below

and review such activities with the student, all to the extent required for proper practical training of the student and the protection of the client; and

**(I)** Supplement the student's oral or written work as needed to ensure proper representation of the client.

**(4)** *Certification of Student and Supervisor after Completion of ECF Training and Establishment of an ECF Account*.

**(A)** *Student*. The Court's certification of a student to practice under this Rule will be entered with the Clerk of Court and will remain in effect for eighteen (18) months or until the student graduates from law school, whichever is earlier. The Court may at any time, in its discretion and without cause, withdraw certification to appear generally or in a particular case. To assist the Court in maintaining a list of students certified to practice under this Rule, the supervising attorney must notify the Court of the student's graduation from law school.

**(B)** *Supervising Attorney*. The Court's certification of the supervising attorney will be entered with the Clerk of Court, and will remain in effect indefinitely unless withdrawn by the Court, in its discretion, and without any showing of cause. The Supervising Attorney's ECF account will allow the supervisor to accept electronic service on behalf of the student practicing under this Local Rule.

**(5)** *Activities*. A certified student may, under the supervising attorney's supervision:

**(A)** Represent any client including federal, state, or local governmental bodies, if the client on whose behalf the certified student is appearing has consented in writing to that appearance and the supervising attorney has given written approval of that appearance;

**(B)** Represent a client in any criminal, civil, or administrative matter; however, the Court retains the authority to limit a student's participation in any individual case; and

**(C)** In connection with matters in this Court, engage in other activities on the client's behalf in all ways a licensed attorney may; however, a student shall make no binding commitments on a client's behalf, absent prior client and supervisor approval. The supervising attorney must accompany the student in any matter involving the taking of testimony, including depositions. The supervising attorney must read, approve, and co-sign documents filed by the student. The Court may establish exceptions to such activities.

**(6)** *Scope of Participation Statement*. Before a certified student orally participates in a hearing or trial, the supervising attorney must advise the Court of the scope of anticipated participation.

## LCvR 83.2    ATTORNEY DISCIPLINE AND DISBARMENT

**(a)** Whenever an attorney who has been admitted to practice before the Court:

**(i)** Has engaged in conduct a judge of this Court reasonably believes violates the North Carolina Rules of Professional Conduct or any law or regulation; or

**(ii)** Is disbarred or suspended from the practice of law in any court or by any state bar, disciplinary board, or other state licensing agency,

a judge of this Court may enter an order immediately suspending that attorney from practice before this Court or taking such other lesser action the Court deems appropriate. Upon entry of such

order, the attorney may within 40 days thereof file a response to the order and show cause as to why the attorney's admission to practice before this Court should not be revoked or the attorney should not be subject to discipline, and may in such response request an opportunity to be heard. The appropriate procedure for addressing such response shall be determined by the Board of Judges. An appropriate order addressing the question of any discipline will be entered by the Court after a vote of the Board of Judges.

**(b)** This Rule in no way limits or otherwise affects the authority of a judge of this Court to hold an attorney in contempt and award appropriate relief or otherwise impose appropriate penalties, fines, or other sanctions.

**(c)** This Rule does not apply to special, *pro hac vice*, or other limited admissions, which may be revoked at any time by a judge in the case in which such admission was allowed.

### Advisory Committee Notes

*This new Rule is modeled on the United States Supreme Court's attorney discipline rule, but certain arcane language in the Supreme Court rule was modified and procedural protections were explained in greater depth. Violations of Court orders and rules are covered in Section (b). For the rare case where attorney discipline becomes an issue, the new Rule is intended to provide a skeletal procedure that is compliant with Due Process and efficient administration of justice.*

~~**LCvR 83.2** **NO PHOTOGRAPHING, TELEVISING, OR BROADCASTING OF COURT PROCEEDINGS**~~

~~The taking of photographs in the courtroom, or in the corridors immediately adjacent~~

thereto, during the progress of judicial proceedings, or during any recess, and the transmitting or sound recording of such proceedings for broadcasting by radio or television or any other media, shall not be permitted. However, proceedings that are designed and conducted as ceremonies, such as administering oaths of office to appointed officials of the Court, presentation of portraits, naturalization ceremonies, and similar ceremonial occasions, may be photographed and/or broadcasted or televised from the courtroom, with the permission and under the supervision of the Court.

## LCvR 83.3    USE OF ELECTRONIC DEVICES AND CAMERAS IN THE COURTHOUSE

### (a)    *Broadcasts, Photography, and Use of Cameras during Court Proceedings*.

**(1)    *Photography and Electronic Recording Prohibited*.**  The taking of still or moving photographs and/or the audio recording of any Court proceedings in the courtroom or in the corridors immediately adjacent thereto, during the progress of judicial proceedings or during any recess, is prohibited.  Such prohibition includes, but is not limited to, the transmittal or sound recording of such proceedings for broadcast by radio, television, internet, and social or any other media.

**(2)    *Exceptions for Ceremonial and Educational Proceedings*.**  Ceremonial proceedings, such as administration of oaths of office, presentation of portraits, investitures, and similar occasions, may be photographed, broadcast, or televised from the courtroom with the permission and under the supervision of the Court.  Seminars conducted in the courtroom, such as Continuing Legal Education seminars, may also be recorded and broadcast by the program sponsor under the Court's supervision.

**(3)** *Naturalization Proceedings*. During Naturalization Proceedings, participants, spectators, and the media may bring cameras and cell phone cameras into the courthouse and use such devices during the ceremonies. Such devices are, however, subject to screening by a United States Marshal or Court Security Officer.

**(b)** *Cell Phones, Computers, and Other Electronic Devices.*

**(1)** *Persons Permitted to Bring Electronic Devices Into the Courthouse*. The following persons may bring computers, cell phones, and similar electronic devices (hereinafter "devices") into the courthouse after such devices have been screened by the United States Marshal Service or a Court Security Officer: (1) attorneys; (2) paralegals; (3) federal employees; (4) law firm staff when accompanied by an attorney; (5) state, county, or tribal law enforcement or emergency services personnel on official business; (6) jurors who have been selected to serve on a jury; (7) invited guests of the Court for ceremonial proceedings; and (8) service and delivery personnel. Where a *pro se* litigant needs to use a personal device during Court proceedings, the litigant should contact the Clerk of Court in advance of that proceeding to secure permission from the Court.

**(2)** *Prohibited Use*. Unless otherwise permitted by this Rule, all devices must be powered off in the courtroom. No device shall be used to record Court proceedings under any circumstances. Use of such devices for voice or video communication from the courtroom or from the corridors near courtrooms is prohibited. Use of devices for purposes of streaming of audio and/or video and for gaming is also prohibited. Improper use may be treated as a contempt of Court.

**(3)** *Permitted Use*. Where a permitted device has been brought into the

courthouse by a permitted person, a device may be used in conjunction with a proceeding, in preparation for an upcoming proceeding, and to work on other matters while waiting for upcoming proceedings.  Use of devices to communicate by e-mail, texting, and instant messaging is permitted if the use is not disruptive.

**Advisory Committee Notes**

 *This new Rule, drafted by the Local Rules Courtroom Technology Subcommittee, generally prohibits disruptive or unlawful uses of electronic devices while allowing authorized persons to work on their devices in a non-disruptive manner while awaiting upcoming proceedings.*

*LOCAL RULES GOVERNING CRIMINAL CASES*

## LCrR 1.1    APPLICATION OF LOCAL CRIMINAL RULES

The Local Criminal Rules which follow are intended to provide case participants with procedures that supplement the Federal Rules of Criminal Procedure. They are not intended to bind any judicial officer to any particular course of action or result. Each judicial officer retains the discretion to apply the Local Criminal Rules in a manner consistent with the demands of the case.

## LCrR 11.1    ELECTRONIC RECORDING OF RULE 11 INQUIRY

When a United States Magistrate Judge conducts an inquiry under Fed. R. Crim. P. 11, the electronic recording of the proceeding constitutes the *verbatim* record of the proceeding.

## LCrR 11.2    PLEA HEARINGS AND FACTUAL BASIS FOR PLEAS

***Submission of a Written Factual Basis***. Before the Court schedules a Rule 11 hearing to consider the acceptance of a bargained-for plea, the parties must file with the Court a fully executed copy of the Plea Agreement and a Factual Basis showing facts sufficient to establish guilt as to each element of each offense as to which a plea of guilty is being offered. The Factual Basis shall be signed by an attorney for the government and defense counsel, who shall certify that he/she has discussed the Factual Basis with the defendant, and that the defendant does not dispute the Factual Basis.

**Advisory Committee Notes**

New LCrR 11.2 substantially implements the provisions of the Superseding Order, 3:14mc005, concerning a written factual basis for the plea.  While the Standing Order required a factual proffer that included "offense conduct," *id.* at ¶ 3, the Local Rules Criminal Subcommittee determined that such requirement reduced to a local rule might not be supportable under <u>Libretti v. United States</u>, 516 U.S. 29 (1995), which held that an "element of the sentence ... falls outside the scope of Rule 11(f) [now Rule 11(b)(3)]."  <u>See</u> <u>also</u> <u>United States v. Dunbar</u>, 9 Fed. Appx. 411, 413 (6th Cir. 2001) (holding that "the required inquiry relates to whether there is a factual basis for a finding that such defendant is guilty of the crime charged").  After a series of meetings with stakeholders, the Local Rules Advisory Committee drafted Rule 11.2 to mirror the language of the Superseding Order concerning certification by counsel.  The requirements of the Superseding Order for "offense conduct" have been split off and paired with the Rules concerning sentencing, specifically LCrR 32.4, see <u>infra</u>.

## LCrR 17.2    SUBPOENAS IN CRIMINAL CASES

***Requests for Subpoenas Where Defendant is Unable to Pay***.  All defense motions seeking service of subpoenas by the United States Marshal at government expense must be filed with the Court at least fourteen (14) days before either the hearing date or the first day of the term of Court, whichever is earlier, for which the witness's presence is being requested.  Any subpoena request not made at least fourteen (14) days before the applicable date may be denied as untimely.  Upon a finding of good cause, however, a judicial officer may honor an untimely subpoena request.

## LCrR 17.3    APPLICATIONS FOR WRITS IN CRIMINAL CASES

***Applications for Issuance of Writs of Habeas Corpus to be Executed by the United States Marshals Service***.  To ensure the prisoner's presence in the district at the requested time, applications for writs of *habeas corpus* (*ad prosequendum* and/or *ad testificandum*) that are to be executed by the United States Marshal must be filed with the Court within the time frames provided below:

**(1)** If the prisoner is out-of-district, at least twenty-one (21) days before the hearing date, or the first day of the term of Court, whichever is earlier, for which the prisoner is needed;

**(2)** If the prisoner is within the district, at least fourteen (14) days before the hearing date, or the first day of the term of Court, whichever is earlier, for which the prisoner is needed.

Any writ application not made within the time period prescribed herein may be denied as untimely. Upon a finding of good cause, however, a judicial officer may honor an untimely writ application.

## LCrR 20.1    CONSOLIDATION AND TRANSFER OF CASES

***Consolidation or Transfer of Related Cases***.  If a related case is pending before another United States District Judge, the government or defendant must move for consolidation before, or transfer to, the judge assigned to the lowest case number ~~and submit a proposed order to the Court~~. . The motion for consolidation or transfer may be filed in either of the cases with proper notice of the motion in the related case.  Upon execution of the order, the Clerk of Court shall re-assign the latter case to the judge presiding in the lowest case number, unless otherwise set forth in the order.

## LCrR 23.1    FAIR TRIAL AND FREE PRESS IN CRIMINAL CASES

It is the attorney's duty, in connection with pending or imminent criminal litigation with which the attorney is associated, not to release or authorize the release of information or opinion for dissemination by any means of public communication, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of

justice.

**LCrR ~~32.4~~ 32.2.1    AUTHORITY OF UNITED STATES MAGISTRATE JUDGES IN CRIMINAL FORFEITURE CASES AND PUBLICATION OF NOTICE IN FORFEITURE CASES**

(a)    *<u>United States</u> Magistrate Judge's Duties in Criminal Forfeiture Cases*.  In any case where a defendant pleads guilty and consents to forfeiture of property, a duly appointed United States Magistrate Judge may enter one or more orders and judgments of forfeiture in connection with the hearing under Fed. R. Crim. P. 11.

(1)    *Findings of Fact*.  Based on the parties' stipulation or other proper showing, the United States Magistrate Judge may make any related finding of fact contemplated by Fed. R. Crim. P. 32.2, provided that defendant consents to those findings.

(2)    *Waiver of Notice*.  Defendant may waive the notice required by Fed. R. Crim. P. 32.2, either through written consent in the plea agreement or through written consent of defendant and defendant's counsel in a proposed order and/or judgment.

(3)    *Ancillary Proceedings*.

(A)    Where a forfeiture consists of a money judgment or where no third party files a timely petition, the Order of Forfeiture may become final without conducting an ancillary proceeding to adjudicate third-party interests.

(B)    A United States Magistrate Judge shall not conduct an ancillary proceeding unless instructed by a United States District Judge to do so.

(C)    Where a United States Magistrate Judge conducts an ancillary proceeding, the order and judgment entered in connection with the Rule 11 proceeding is deemed

a "preliminary order" for purposes of Fed. R. Crim. P. 32.2(c) and may be amended, if necessary, by a further order and judgment of a United States District Judge.

(b)     *Publication of Notice by the Government*.  Unless otherwise required by statute, rule, or specific order of this Court, in any criminal judicial forfeiture case filed in this district, the government may satisfy its requirement of publication of notice by publishing once in a newspaper of general circulation.  Publication in such manner satisfies the publication requirements of 21 U.S.C. § 853(n)(1) and Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.


## LCrR 32.3     DISCLOSURE OF PRESENTENCE OR PROBATION RECORDS

The probation officer's sentencing recommendation is a confidential record and shall not be disclosed except pursuant to Court order. ~~No confidential records of this Court maintained by the probation office, including but not limited to the sentencing recommendation, shall be sought by an applicant except by written petition to this Court establishing with particularity the need for specific information in the records.~~ The recommendation shall not contain any fact not otherwise disclosed in the Presentence Report. If any additional facts are contained in the recommendation, they will be disclosed by the Court at sentencing if the Court intends to rely on those facts.


### Advisory Committee Notes

*In response to comments from federal defenders concerning the non-public nature of USPO's sentencing recommendation, the Local Rules Criminal Subcommittee conducted research under Federal Rule 32 to determine whether any court had ever held the practice to be unlawful. No cases to such effect were found and it was determined that the practice was lawful and that Local Criminal Rule 32.3 complies with the procedural requirements of Federal Criminal Rule*

*32(e)(3) in making the recommendation confidential.  In <u>United States v. Whitlock</u>, 639 F.3d 935 (9th Cir. 2011), that court held that a district court must "disclose any factual information in the confidential recommendation on which it relied in sentencing" to comply with the requirements of Due Process.  <u>Id.</u> at 937 (citation omitted).  That court found the District of Idaho's Local Criminal Rule dealing with the sentencing recommendation complied with Due Process.  While USPO has assured the Advisory Committee that its recommendations never contain such additional facts, the Advisory Committee has included, proactively, a disclosure provision in the unlikely event a fact is inadvertently contained in a recommendation upon which the sentencing court wishes to rely.*


## LCrR 32.4    STATEMENT OF RELEVANT CONDUCT

(a)    ***Submission by United States Attorney's Office***.  Upon acceptance of the plea or entry of a verdict of guilty, the United States Attorney's Office must submit to the United States Probation Office, and provide defendant with a copy of, a "Statement of Relevant Conduct."  Such submission must include: (1) the loss and drug amounts the government believes are supportable by the evidence; (2) facts the government believes support any agreed-upon offense level computations in the plea agreement; and (3) facts warranting any non-agreed-upon Chapter 2 or 3 enhancements or reductions.  When practicable, the government should reflect consultation with counsel for defendant and note therein whether defendant concurs or opposes such statement.

(b)    ***Response by Defendant***.  Defendant may submit to the United States Probation Office a response or objection to the government's submission within seven (7) days.  Where defendant elects not to respond initially, no inference is raised that defendant concurs with the government's proposed submission and defendant may wait until a Draft Presentence Report is issued to lodge objections.  By filing an initial response within seven (7) days, defendant does not waive the right to later file objections to the Draft and Final PSRs.

**Advisory Committee Notes**

This new Rule is intended to implement the second part of the <u>Superseding Order,</u> <u>3:14mc005,</u> by providing USPO with a statement of relevant conduct promptly upon acceptance of the plea or entry of a verdict. This Rule does not, however, require defendant to concur in the statement, but instead provides the defendant with an opportunity to promptly respond to the government's proffer without waiving their procedural rights under Fed. R. Crim. P. 32, and without shifting the burden of proof from the government to prove sentencing enhancements. <u>United States v. Mitchell,</u> 825 F.3d 422, 425-26 (8th Cir. 2016) ("Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement.").

## LCrR 32.5    SENTENCING HEARING, PRESENTENCE REPORTS, IDENTITIES OF VICTIMS, AND SENTENCING MEMORANDA

**(a)** ***Presentence Completion Date***. In every case, it is anticipated that there will be a "Presentence Completion Date" of approximately ninety (90) days after a plea is accepted or a guilty verdict is returned. The Presentence Completion Date is the date by which the Final Presentence Report and confidential Sentencing Recommendation is anticipated to be filed by probation.

**(b)** ***Notice of Sentencing Hearing***. Once a final presentence report is filed, the Clerk of Court will issue a Notice of Sentencing Hearing providing the date and time for sentencing. Sentencing is ordinarily anticipated to occur within sixty (60) days of the Presentence Completion Date.

**(c)** ***Sentencing Memoranda and Supporting Letters***. Sentencing memoranda, supporting letters, and other materials should be filed as soon as possible after entry of the Final Presentence Report and not later than seven (7) days before the Sentencing Hearing. Recognizing that letters may not be received by such deadline, the United States District Judge may determine on a case-by-case basis whether to accept late-filed materials for consideration under 18 U.S.C. §

3553(a).

**(d)** *Filing of Sentencing Memoranda, Exhibits, and Supporting Letters*.

Recognizing the public's right of access to documents filed in criminal proceedings and the need to protect legally recognized personal privacy interests and vulnerable witnesses in fulfilling the Court's duties under 18 U.S.C. § 3553(a), sentencing memoranda, exhibits, and supporting letters shall not be filed under seal unless leave is first secured from the Court in the manner provided in Local Civil Rule 6.1.

**(e)** *Advising the Court of a Good-Faith Estimate of Time Needed for Sentencing Hearing*. Once sentencing memoranda have been filed, counsel for the respective parties must file a Notice of Time Needed for Sentencing Hearing if greater than the time typically allotted by the sentencing judge.

**(f)** *Rule 35 Motions Sealed*. All motions under Fed. R. Crim. P. 35 based on cooperation with the government shall be sealed and there shall be no public access to the motion unless ordered by the Court.

### Advisory Committee Notes

*This new Rule is intended to implement the district's goal of being ready for sentencing within 90 days of acceptance of the plea or verdict. Recognizing that judges have schedules that may not allow for pinpoint scheduling six months out, the 90 days for sentencing readiness and the 60 days for the Court to thereafter hold a sentencing hearing are intentionally soft to avoid any implication that sentencing within that period is an entitlement and to reduce motions practice.*


**LCrR 44.1**     **ADMISSION, <u>APPEARANCE</u>, APPOINTMENT, <u>DISCIPLINE, AND DISBARMENT</u> OF COUNSEL**


**(a)**     ~~*Civil Local Rules for Admission are Applicable to Admission in Criminal Cases.*~~

The admission and appearance of counsel are governed by LCvR 83.1. Such civil local rule is adopted herein as if fully set forth. Appointment of counsel is governed by Title 18 and the district's Criminal Justice Act Plan.

(b) ***Additional Considerations for Representation in Criminal Proceedings***. The Sixth Amendment guarantees that each defendant in a criminal matter has the right to be represented by an attorney whom that defendant can afford to hire, or who is willing to represent defendant even though he such person is without funds. The Court makes every effort to ensure that a defendant's right to counsel of his such person's choice is protected. To that end, a defendant has the following choices in a criminal matter and may

(1) represent himself if he voluntarily elects to do so elect self representation;

(2) request court-appointed counsel upon a showing of indigency;

(3) hire an attorney who is a member of the Bar of the Western District of North Carolina; or

(4) hire an attorney who is not a member of the Bar of the Western District of North Carolina, but who meets at least one of the following criteria:

(A) is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;

(B) is a member in good standing of any state, district, or territorial Bar of the United States and is appearing with a member in good standing of the Bar of this Court, who moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or

(C) is a member in good standing of any state, district, or territorial Bar, and is granted "special admission" upon a showing of good and adequate cause. Special admission

69

~~(admission without association of local counsel) is conditional admission to the Bar, and shall not~~

~~be granted absent a showing of good cause.  The right to counsel includes the right to effective~~

~~assistance of counsel; therefore, a request for special admission requires averment of familiarity~~

~~with North Carolina trial practices and this Court's Local Rules.  Even when special admission is~~

~~allowed in a criminal matter, the Court reserves the right to require specially admitted counsel to~~

~~associate local counsel at any time.~~

The admission, appearance, discipline, and disbarment of counsel are governed by LCvR 83.1 and LCvR 83.2, which are fully adopted herein.  Title 18 of the United States Code and this district's Criminal Justice Act Plan govern appointment of counsel.

### Advisory Committee Notes

*The Rule has been substantially reduced by simply referencing the Local Civil Rules for admission and discipline of counsel.  A criminal defendant's right to counsel of choice is not impaired by those Rules, making the restatement of those Rules here redundant.*

## LCrR 47.1  MOTIONS PRACTICE IN CRIMINAL CASES, REQUIREMENT OF BRIEFS, RESPONSES REQUIRED BY THE GOVERNMENT, AND PROPOSED ORDERS

**(a)**     ***Motions in Writing***.  Unless made during a hearing or trial, all motions must be written, filed as provided by LCrR ~~5.2~~ 49.1.2, and must state with particularity the grounds of the motion and the relief or order sought.  Motions will ordinarily be ruled on without oral argument.

**(b)**     ***Certificate of Conference with Filing***.  Pretrial motions, other than motions to suppress, *ex parte* motions, and notices (notice of substitution of counsel, notice of appearance, notice of intent to present certain types of evidence, etc.) must include a certification that the moving party has conferred with opposing counsel and state opposing counsel's position on the

relief sought, or explain why conferring should not be required under the circumstances. If a hearing on a motion is requested, counsel should estimate the length of the hearing.

**(c)** ***Requirement of Briefs***. A brief must be filed contemporaneously with any potentially dispositive pretrial or post-trial motion submitted in a criminal action. No brief is required to support timely motions for admission *pro hac vice*, extensions of time, continuances, or uncontested requests.

**(d)** ***Response Required by the Government***. Unless otherwise directed by the Court, the government must respond to all potentially dispositive defense motions in a criminal case. Examples include motions to suppress and motions to dismiss the indictment. Unless otherwise directed by the Court, the government is not required to respond to *pro se* motions filed by a criminal defendant who is still represented by counsel and who has not formally waived his or her right to counsel after appearing before a judicial officer and being fully advised of the consequences of waiver.

**(e)** ***Motions Deadline/Time for Filing Response***. Motions practice, including deadlines for filing pretrial motions, and the time for filing responses and replies to motions, is governed by the practice of the presiding judge consistent with Fed. R. Crim. P. 12 and 47. Unless otherwise directed by the Court, responses to motions, if any, must be filed within seven (7) days of the date on which the motion is served, as evidenced by the certificate of service attached to the motion. Neither the motions deadlines set in an Arraignment Order, nor operative deadlines under this Local Rule, entitle any party to continuance of a trial date.

~~**(f)** ***Calculation of Deadlines***. Deadlines for filing and serving responses and replies (if allowed) are calculated consistent with Fed. R. Crim. P. 45.~~

**(f)** *Proposed Orders*.  Proposed orders are not required, unless otherwise ordered by the Court.  If directed to provide a proposed order, parties must submit the order through Cyberclerk and serve the proposed order on all parties.  ~~When a proposed order is submitted, the proposed document(s) must be submitted through "Cyberclerk," but may also be submitted as an attachment(s) to a motion, brief, or notice relating to the proposed relief sought.  In any event, unless the motion is submitted ex parte, the proposed document must be served on all parties.~~

**(g)** *Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right to Counsel*.  Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived the right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver.  Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.


## LCrR ~~55.1~~ 49.1.1    SEALED RECORDS AND PUBLIC ACCESS

**(a)** *Presumption of Public Filing*.  To further openness in criminal case proceedings, there is a presumption under applicable common law and the First Amendment that pleadings filed in this Court will be filed unsealed.  Unless allowed by the United States Code, the Federal Rules of Criminal Procedure, or these Local Criminal Rules, decisions as to whether to seal a particular pleading or any portion thereof will be made on a case-by-case basis by the Court upon the filing of a motion, with findings specific enough that a reviewing court can determine whether the sealing is consistent with the First Amendment or the common law right to public access.  Motions to seal a particular pleading or any portion thereof and orders disposing of such motions are governed by

the requirements for sealing provided by LCvR 6.1, incorporated herein by reference.

(a) **(b)** *Sealing Criminal Cases*.  At the time of filing a complaint or information, or upon the return of an indictment, the government may move to seal such case by accompanying the charging document with an *ex parte* motion and proposed order requesting that all or part of the documents in the criminal case be sealed.  After the Court considers alternatives to sealing, the Court may enter either its own order or adopt a proposed order submitted by the government if the facts justify sealing.  The Clerk of Court shall seal the case or documents as specified in the order.

(b) **(c)** *Unsealing Criminal Cases*.  Unless the Court grants a motion to keep a case or document(s) sealed, the case or document(s) shall be unsealed as follows:

    **(1)**    Where the case involves a single defendant, at the time of the defendant's initial appearance;

    **(2)**    Where the case involves more than one defendant, at the time of the last defendant's initial appearance; or

    **(3)**    Upon motion of the government to unseal.

(c) **(d)** *Pending Cases*.  Upon a motion filed separately from the motion or pleading sought to be sealed, the Court may enter an order sealing a pending case or any portion thereof after the moving party has provided such notice as required by law or these Rules.  After the Court considers alternatives to sealing, the Court may enter either its own order or adopt a proposed order if the facts justify sealing.  The sealing motion and proposed order presented to the Court should specifically identify the part of the record to be sealed, such as:

    **(1)**    The case file;

    **(2)**    The case docket;

       **(3)**     A specific pleading and/or its docket entry; or

       **(4)**     The identity of new defendants brought into the case.

Any documents sought to be filed under seal may be submitted to the Court for *in camera* review in person or *via* Cyberclerk.

    ~~(d)~~ **(e)** ***Documents***.  Documents sealed by the Court or otherwise required to be sealed by statute shall be marked as such within the document caption and filed electronically.  If the document is sealed pursuant to a prior Court order, the pleading caption must include a notation that the document is being filed under Court seal and include the order's entry date.  No document shall be designated by any party as "filed under seal" or "confidential" unless:

       **(1)**     It has been sealed by prior order of the Court;

       **(2)**     It is being filed in a case that the Court has ordered sealed; or

       **(3)**     It contains material subject to a protective order entered by the Court.

    ~~(e)~~ **(f)** ***Case Closing***.  After final disposition of any criminal case where the file or documents under seal have not previously been unsealed by Court order~~, unless otherwise ordered by the Court, the filing party shall be responsible for filing a motion unsealing the matter with a proposed Order for the Court's execution~~ <u>all sealed files, sealed pleadings, or any portions thereof shall remain sealed indefinitely until otherwise ordered by the Court on a case-by-case basis</u>.

    ~~(f)~~ **(g)** ***Access to Sealed Documents***.  Unless otherwise ordered by the Court, access to documents and cases under seal shall be provided by the Clerk of Court only pursuant to Court order.  Unless otherwise ordered by the Court, the Clerk of Court shall make no copies of sealed files or documents.

    ~~(g)~~ **(h)** ***Arrest, Search, and Seizure Warrants***.  Any application for an arrest, search, or

seizure warrant shall be sealed until all the warrants have been executed and returned to the Court. No motion to seal shall be required for such materials. The government, defendant, or interested nonparties may move to unseal before the execution or delivery of all warrants. The government may move to continue the seal after the execution of all warrants. After the Court considers alternatives to sealing, the Court may enter either its own order or adopt a proposed order submitted by the government if the facts justify sealing.

(~~h~~) **(i)** ***Sentencing Materials***. ~~All portions of pleadings, motions, and objections incorporating or referring to a defendant's presentence report must, if filed, be filed under seal. No motion to seal is required for such materials. The defendant, government, and United States Probation Office shall be notified by the moving party of any motion to unseal presentence materials, sentencing memoranda, presentence report, or any related materials and given an opportunity to respond to such motion within the times set forth in LCrR~~ 47.1(e) ~~before any such material is publicly disclosed.~~

***Public Notice***. The Clerk of Court shall provide public notice by docketing the motion in a way that discloses it as a motion to seal unless otherwise ordered by the Court consistent with this Rule and applicable law. Within the time allowed by the Court for the non-moving party to respond to the motion to seal, other parties and non-parties may submit memoranda supporting or opposing the motion and may designate all or part of the memoranda as confidential. Any confidential memorandum will be treated as sealed pending the outcome of the ruling on the motion. ~~Where the Court allows no response, such as where the motion to seal is consented to by all parties, interested non-parties may thereafter file a Motion to Unseal.~~ <u>While the Court may act on a motion to seal before the time for response has run, motions to unseal may be filed at any</u>

<u>time by a party or third person.</u>

Advisory Committee Notes

*Proposed LCrR 49.1(a) remedies the earlier issues raised under former LCrR 55.1(h) by providing that parties must seek leave of Court to file matters under seal unless allowed to seal as a matter of federal law, a federal rule, or these Local Rules. The new Rule then incorporates by reference LCvR 6.1, which details procedures and what must be shown to seal a filing. It should be noted that submissions to the Court by USPO are not technically sealed, but are "non-public" submissions. <u>See</u> Fed. R. Crim. P. 32 & 49.1 (Advisory Committee Notes, 2007 Adoption). The Advisory Committee notes that while counsel in criminal litigation have experience in seeking leave to file under seal, it may be appropriate for a subgroup, perhaps drawn from IP litigation, to form an advisory group to provide examples of effective motions and briefs. Likewise, due to the anticipated increase in motions to seal, the Court may wish to develop template orders touching on Rule 6.1 concerns.*

## LCrR ~~5.2~~ 49.1.2    ELECTRONIC FILING OF PAPERS, FILING OF REDACTED PLEADINGS, AND PRESENTING JUDGMENTS, ORDERS, AND OTHER COMMUNICATIONS TO JUDGES

**(a)    *Electronic Filing Authorized*.**  The Court will accept for filing documents submitted, signed, or verified by electronic means that comply with the Federal Rules of Criminal Procedure, this Court's Local Rules, and the Administrative Procedures Governing Filing and Service by Electronic Means adopted by this Court (hereinafter "Administrative Procedures").

**(b)    *Mandatory Electronic Filing*.**  All documents submitted for filing in this district shall be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or the assigned judge.

**(c)    *Place of Conventional Filing, when Allowed*.** ~~All pleadings, motions, memoranda, orders, and judgments must be filed electronically with the Court. In circumstances where conventional filing is permitted by the Administrative Procedures, all papers may be filed in~~

76

~~Asheville, Charlotte, or Statesville, regardless of the division in which the case is pending.~~ Where conventional filing is permitted by the Administrative Procedures or by the assigned judge, all papers may be filed in Asheville, Charlotte, or Statesville, regardless of the division in which the case is pending.

**(d)** ~~*Motion for Consolidation of Cases.* A motion for consolidation shall be filed in accordance with LCrR 20.1.~~

**(d)** *Presenting Judgments, Orders, and Other Communications to Judges*. As provided by the Administrative Procedures, parties may submit proposed orders, memoranda of decision, judgments, bills of costs, and other proposed documents for consideration and entry by the Court or the Clerk of Court electronically. Such proposed documents must be submitted through Cyberclerk and may also be submitted as attachments to a motion, brief, or notice that relates to the proposed relief sought. In any event, such proposed document must be served on all parties as provided by Fed. R. Civ. P. 5, unless an exception is provided for proceeding *ex parte* under the Federal Rules of Criminal Procedure.

**(e)** ~~*Filing of a Redacted Pleading is Permitted to Eliminate Personal Data Identifiers*. In compliance with the Policy of the Judicial Conference of the United States and the E-Government Act of 2002, and to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the Court, including exhibits thereto, whether filed electronically or in paper form:~~

~~(1) Social Security Numbers. If the individual's Social Security number must be included in a pleading, only the last four digits of that number should be used.~~

77



(2) Names of Minor Children. If the involvement of a minor child must be mentioned in a pleading, only the initials of that child should be used.

(3) Dates of Birth. If the individual's date of birth must be included in a pleading, only the year should be used.

(4) Financial Account Numbers. If financial account numbers are relevant and must be included in a pleading, only the last four digits of the financial account number should be used.

(5) Other Identifying Information. Counsel may also redact any other personal identifier information where deemed appropriate. This redacted document will be made available in electronic format to the public. A reference list containing the redacted personal information may be filed under seal. LCrR 55.1

The responsibility for redacting personal identifiers rests solely with counsel and parties. The Clerk of Court will not review each pleading for compliance with this rule.

**(f)** *Filing of an Unredacted Pleading or Other Paper Under Seal Permitted.* Filing of an Unredacted Pleading or Other Paper uUnder Seal Permitted. In compliance with the E-Government Act of 2002, a party filing a document containing the personal data identifiers listed above may file an unredacted document under seal. LCrR 55.1.

## Advisory Committee Notes

*The requirements for electronic filing in Sections (b) and (c) were redundant. Section (c) has been amended to address the place of filing when conventional filing is permitted. Former section (d) has been eliminated as has its civil analogue in LCvR 5.2.1(d). The Rule has been moved to its present location to better correspond with the corresponding Federal Rule of Criminal Procedure.*

**LCrR 5.3 49.1.3      SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

(a)      ***Service by Electronic Means for Registered Users after Service of Process***.  Other than the document upon which an action is commenced, registered users may serve all papers through the Court's Electronic Case Filing ("ECF") system.  Issuance of the "Notice of Electronic Filing" ("NEF"), which is automatically generated by the Court's electronic filing system, constitutes proof of service of the filed document upon all registered users unless the filing party learns that such attempted service was not successful. While the NEF constitutes proof of service, it is not a substitute for the Certificate of Service, which is still required, as discussed below.

(b)      ***Conventional Service of and by Parties and Attorneys Exempt from Electronic Case Filing***.  Parties and attorneys who are not registered users must be served conventionally in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, this Court's Local Rules, and this district's Administrative Procedures.

(c)      ***Certificate of Service Required***.  Unless an exception for proceeding *ex parte* is provided by the Federal Rules of Criminal Procedure, a certificate of service must be included with all documents, including those filed electronically, indicating thereon that service was or will be accomplished through the NEF for parties and counsel who are registered users and indicating how service was or will be accomplished as to non-registered users.

**LCrR 55.2      PRESENTATION, CUSTODY, AND DISPOSITION OF EVIDENCE,
                 MODELS, EXHIBITS, AND DEPOSITIONS**

The presentation, custody, and disposition of evidence, models, exhibits, and depositions in a criminal case are governed by LCvR 79.1, incorporated herein by reference.

**LCrR 57.1      AUTHORITY OF MAGISTRATE JUDGES IN CRIMINAL MATTERS**

(a)      Magistrate judges are authorized and designated to exercise the following functions and duties in criminal actions:

(1)      to perform the duties prescribed in 28 U.S.C. § 636(a);

(2)      to try and sentence, if found guilty, persons charged with petty offenses and misdemeanors, and to direct the United States Probation Office to prepare a pre-sentence report in any such case, as provided by 18 U.S.C. § 3401;

(3)      to hear and decide non-dispositive procedural or discovery motions and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A);

(4)      to hear any dispositive motions involving cases in which the parties have not consented to jurisdiction of the magistrate judge and thereafter to submit to the district court proposed findings of fact and recommendations for disposition of such motions, as provided by 28 U.S.C. § 636(b)(1)(B);

(5)      to issue preliminary orders and conduct necessary evidentiary hearings or other appropriate proceedings in connection with cases filed pursuant to 28 U.S.C. §§ 2254 and 2255, and to submit to the district court a report containing proposed findings of fact and recommendations for disposition of such cases (unless consent is obtained for final disposition);

(6)      to accept returns of true bills of indictment from the grand jury;

(7)      to issue orders or warrants authorizing acts necessary in the performance of the duties of administrative and regulatory agencies and departments of the United States government pursuant to 28 U.S.C. § 636(b)(3);

~~(8)       to perform any additional duties that are not inconsistent with the Constitution or~~
~~the laws of the United States, as shall be assigned or delegated by a district judge; and~~

~~(9)       to conduct, take, and accept pleas under Fed. R. Crim. P. 11.~~

.

**Advisory Committee Notes**

*This Rule has been deleted in light of a more comprehensive list of duties of United States Magistrate Judges in Felony Cases in new Local Criminal Rule 59.1.*

## LCrR 58.1    FORFEITURE OF COLLATERAL SECURITY IN LIEU OF APPEARANCE

Pursuant to Fed. R. Crim. P. 58 and 28 U.S.C. § 636(b)(3), and upon motion by the government in the interest of justice, good Court administration, and sound law enforcement, the Unified Collateral Forfeiture Schedule implemented April 14, 2004, is hereby adopted and incorporated herein by reference as if fully set forth, as amended by the 2004 Supplement to the Unified Collateral Forfeiture Schedule.  In accordance with Fed. R. Crim. P. 58, the Board of Judges may periodically supplement the Collateral Forfeiture Schedule through subsequent orders issued by a majority of the Board of Judges.

## LCrR 58.2    PROCEDURES APPLICABLE TO COLLATERAL FORFEITURES, PETTY OFFENSES, AND CLASS A MISDEMEANORS

(a)     ***Effect of Payment of a Collateral Forfeiture***.  The payment of a collateral in lieu of appearance is a "civil penalty," is not an admission of guilt, and shall not be deemed a "criminal conviction" for any purpose.

(b)     ***Procedures Applicable to Processing and Trial of Petty and Class A***

***Misdemeanor Offenses.***

  **(1)**  ***Scheduling of Court Days***. The Clerk of Court shall establish and calendar court days for the hearing of petty and misdemeanor offenses as the Clerk of Court deems necessary.

  **(2)**  ***Attendance***. Persons charged and the charging officer must be present on scheduled court days. Most cases will be resolved at the first court day, and persons charged with offenses and charging officers should be prepared to dispose of their cases that day. The Clerk of Court or any judicial officer may adjudicate pretrial motions to continue. Continuances upon good cause shown will be the exception, not the rule.

  **(3)**  ***Charging Instruments***. Determining which charging instruments to issue, and the charging instruments on which to proceed, are within the government's sound discretion as provided by Fed. R. Crim. P. 58(b)(1).

    **(A)**  ***Initial Charging Instrument***. Any misdemeanor (Class A, petty, or infraction) may be commenced by issuing a violation notice.

    **(B)**  ***Sending the Violation to CVB***. In accordance with the rules promulgated by the Central Violations Bureau ("CVB"), any officer issuing a violation notice must mail the notice to the CVB within three (3) business days of issuance. Failure to do so may result in summary dismissal of the ~~ticket~~ <u>violation notice</u>, referral of the matter to the government, or further Court action.

    **(C)**  ***Charging Instrument Sufficient for Trial***. Trial of a petty offense or infraction may proceed on a violation notice. Fed. R. Crim. P. 58(b)(1). Trial of a Class A misdemeanor may proceed on an indictment, information, or complaint. <u>Id.</u> Where a Class A

misdemeanor is initially charged through a violation notice, the government should be prepared by the first scheduled court day to supersede the violation notice with an appropriate trial instrument or stipulate that it is only proceeding on the lesser-included petty offense.

(4)     ***Plea Negotiations***.  Plea negotiations are anticipated by the Federal Rules of Criminal Procedure.  See Fed. R. Crim. P. 11.  Enough time will be set aside at the beginning of the court day for each person charged or their attorney to discuss their charges with the government.

(5)     ***Collaterals on the Day of Court***.  The government has full authority to dispose of any charge before trial in any manner the government deems appropriate.  In recognition of this important duty, the government may, within the confines of plea negotiations, allow resolution of any violation notice by way of payment of a collateral forfeiture ("collateral"), may raise or lower a collateral (not to exceed the maximum possible fine), and may convert a mandatory appearance into a collateral up to and through the day of court.  Fed. R. Crim. P. 58(d)(1).

(6)     ***Calendar Call***.  Court will commence after the government indicates it has had sufficient time for plea negotiations.

(7)     ***Taking of Pleas***.  Where a charge is resolved through a plea of guilty, the Court will provide the person charged with a combined initial appearance, an abbreviated Rule 11 proceeding, and a sentencing hearing.

(8)     ***Appointment of Counsel***.  The Court will consider appointing counsel in cases where the government indicates there is a possibility of imprisonment.  Persons desiring Court-appointed counsel should fill out an appropriate affidavit of indigency the day of court.  The Federal Defender may assist persons in making such requests, which may be tendered for approval

before court so the Federal Defender may participate in the plea-negotiation process.

(9) **_Trials_**.  Where a person charged tenders a plea of not guilty, the Court will afford such person a bench trial.  In Class A misdemeanors where a jury trial is requested or where the person charged does not consent to proceed before a United States Magistrate Judge, such charges will be transferred to a United States District Judge.  Once transferred to a United States District Judge, "Class A" misdemeanors will only be remanded to the United States Magistrate Judge where the United States District Judge so directs.

(10) **_Sentencing_**.  If a person is found guilty after either a plea or trial, the Court will proceed immediately to sentencing.  In a Class B misdemeanor or infraction (also known as "petty offenses"), no presentence report is required.  In a Class A misdemeanor, a person charged may waive preparation of a presentence report or the Court may direct the preparation of an abbreviated report.

(11) **_Payment of Fines_**.  Immediate payment of the fine and special assessment is required by way of mail payment.  The Court does not accept cash payments.  Where the Court allows deferred payment, defendant must provide the Clerk of Court with his or her Social Security number, driver's license number, and phone number.

(12) **_Failure to Appear_**.  At the conclusion of all matters, the Court will determine who has failed to appear.  Where a person fails to appear on an offense for which a collateral was issued, a warrant for arrest shall issue, allowing either payment of twice the collateral in lieu of arrest or an arrest without bond.  The United States Marshal may contact the government or a United States Magistrate Judge (or the judge's staff) for permission to accept a lesser amount as circumstances may warrant.  Where a person fails to appear on an offense for

which a mandatory appearance was issued, the Court shall issue a warrant for arrest.

**(13)** ***Dismissal for Insufficient Address***.  Where a person charged with an offense cannot be located and noticed to come to court by the CVB based on the information provided by the charging officer, the Court will administratively dismiss such violation notice without prejudice.  <u>See</u> U.S.M.J. Manual, CVB, at 4-5 (2003).  The charging officer may, thereafter, issue a new violation notice to such person if further investigation provides the issuing officer with a better address.  The charging officer must check with the CVB or the government, not the Clerk of Court, as to the status of any violation notice.

**(14)** ***Non-Current Warrants***.  Warrants that have not been served after eight (8) months shall be disposed of in a manner consistent with the rules, regulations, and standards promulgated by the CVB.  Any such dismissal shall be without prejudice as to the charging agency or the government taking whatever action it deems appropriate in further prosecution of such alleged offenses.

**(c)** ***Arrests***

**(1)** ***Field Bonds***.  Officers may issue unsecured "field bonds" on forms approved by the Court to assure any person's appearance. The forms may be used where the accused is not a danger to himself and/or the community and has no known history of failure to appear.  If the person arrested qualifies for a field bond, the officer must advise the arrestee of the right to be taken before a judicial officer within a reasonable time and that, by signing a field bond, the arrestee waives that right.

**(2)** ***Appearance before a Judicial Officer***.  Unless a field bond is used, an arrested person shall be promptly brought before a United States Magistrate Judge or, in the event

a United States Magistrate Judge is not reasonably available, before a state judicial officer as authorized by 18 U.S.C. § 3041. The arresting officer must use best efforts to contact the Clerk of Court and advise the Court of such arrest before arriving at the courthouse.

   **(3)**   ***Custody***. The United States Marshal only takes custody of a defendant who is arrested by another agency after a United States Magistrate Judge has found probable cause for the arrest. <u>See</u> 28 C.F.R. § 0.111(k). Where an officer houses a defendant in a facility overnight, the arresting officer must secure the defendant from the local jail facility and promptly take the defendant before a United States Magistrate Judge for an initial appearance. <u>See</u> Fed. R. Crim. P. 5(a). The arresting officer must use best efforts to contact the Clerk of Court and advise the Court of such arrest before arriving at the courthouse.


**LCrR 59.1**   **UNITED STATES MAGISTRATE JUDGE DUTIES IN FELONY CASES**

  In addition to the powers and duties in 28 U.S.C. § 636(a), after an indictment is returned or an information is filed in a felony case, United States Magistrate Judges are hereby authorized under 28 U.S.C. § 636(b), to perform any duties assigned to them by any United States District Judge of this Court that are consistent with the Constitution and laws of the United States.

  **(a)**   ***Pretrial Matters***. In the absence of a United States District Judge's decision to reserve a proceeding for decision by a United States District Judge, and with the exception of the motions and petitions listed herein, a United States Magistrate Judge of this Court is authorized and assigned to hear and determine pretrial matters including, but not limited to:

   **(1)**   Accepting criminal complaints and issuing arrest warrants or summonses;

   **(2)**   Conducting initial appearances and imposing release conditions;

(3)      Conducting preliminary examinations;

(4)      Receiving grand jury returns in accordance with Fed. R. Crim. P. 6(f);

(5)      Accepting waivers of indictment;

(6)      Receiving executed or cancelling unexecuted arrest warrants;

(7)      Conducting arraignments not triable by the United States Magistrate Judge and taking pleas of not guilty in such cases;

(8)      Hearing motions and entering orders for examinations to determine mental competency;

(9)      Hearing and determining discovery motions and motions to sever;

(10)      Issuing subpoenas, writs of *habeas corpus ad testificandum* or *habeas corpus ad prosequendum,* or other orders necessary to obtain the presence of parties, witnesses, or evidence needed for court proceedings;

(11)      Conducting initial appearances and preliminary hearings in probation and supervised release revocation proceedings;

(12)      Conducting proceedings for defendants arrested in this district under a warrant issued in another district for allegedly failing to appear or violating release conditions and issuing all necessary orders incident thereto;

(13)      Issuing search warrants and receiving warrant returns;

(14)      Authorizing the installation of pen registers and devices including trap and trace devices (and issuing orders to assist), beeper devices (transponders), and clone beepers;

(15)      Determining if defendants have knowingly and voluntarily waived counsel, appointing attorneys for defendants who cannot afford them, and approving attorney expense

vouchers;

(16) Determining issues of release or detention of defendants, material witnesses, and confidential informants;

(17) Ordering exoneration or forfeiture of bonds;

(18) Determining the propriety of joint representation of criminal defendants;

(19) Hearing and determining applications for admission to practice before this Court;

(20) Directing the payment of basic transportation and subsistence expenses for defendants financially unable to bear the costs of travel to required court appearances;

(21) Conducting initial proceedings upon the appearance of an individual accused of an act of juvenile delinquency;

(22) Performing the functions specified in 18 U.S.C. §§ 4107, 4108, and 4109 regarding offenders' verification of consent to transfer to or from the United States and attorney appointments; and

(23) Conducting a plea hearing and rejecting or accepting a plea and recommending rejection or acceptance of a plea by the United States District Judge.

(b) **_Additional Pretrial Matters_**. Upon written order or a United States District Judge's specific oral referral, a United States Magistrate Judge may also:

(1) Rule on pre-indictment challenges to grand jury subpoenas or other motions related to grand jury proceedings;

(2) Exercise general supervision of criminal calendars, including the handling of calendar and status calls, and motions to continue or expedite trials;

**(3)** Conduct pretrial conferences in a criminal case; and

**(4)** Conduct a plea hearing and reject or accept a plea and recommend rejection or acceptance of a plea by the United States District Judge.

**(c)** ***Continuance of Felony Cases from District Court Docket***.  At arraignment, a United States Magistrate Judge is authorized to grant a single presumptive continuance while considering the requirements of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and ensuring that the ends of justice are served by granting the continuance.  It is anticipated that most such continuances will occur where trial is set less than thirty (30) days from arraignment.  A United States Magistrate Judge may also resolve any objections to this presumptive continuance.

**(d)** ***Dispositive Matters***.

**(1)** ***United States Magistrate Judge's Recommendation***.  A United States Magistrate Judge is authorized to submit to a United States District Judge a report containing proposed findings of fact and a recommendation for disposition by the United States District Judge of the following matters:

**(A)** Motions to dismiss or quash an indictment or information;

**(B)** Motions to suppress evidence;

**(C)** With the consent of the parties and the assigned United States District Judge, make such recommendations regarding the taking and accepting of guilty pleas as may be necessary;

**(D)** Petitions to revoke probation and supervised release, including the conduct of the final probation or supervised release revocation hearing; and

**(E)** Petitions for habeas corpus and motions for post-conviction relief

filed under 28 U.S.C. §§ 2241, 2254, and 2255.

        **(2)**    ***Authority to Conduct Proceedings***.  A United States Magistrate Judge is authorized to issue any preliminary order and conduct any necessary evidentiary hearing or other proceeding arising in the exercise of the authority conferred by this subsection.

    **(e)**    ***Exception***.  Nothing in this Rule precludes a United States District Judge from (1) reserving any proceeding for conduct by a United States District Judge, rather than a United States Magistrate Judge, or (2) modifying the method of assigning matters to a United States Magistrate Judge, as circumstances warrant.

## Advisory Committee Notes

*This local rule delineates what matters are referred to a magistrate judge.  It remains necessary because §§ 636(b)(1)(A) & (B) provide that an Article III judge "may designate" a Magistrate Judge to hear certain enumerated matters and even though each District Judge has a Standing Order, it is possible that unless the District Judge checks all the boxes, some matters may not be deemed properly referred.  It is also important to have a district-wide "blanket" designation because certain preliminary matters are handled by Magistrate Judges before a District Judge is assigned to the matter and before that judge's Standing Order is, thereby, invoked.*